ALEXANDER CRAWFORD, APPELLANT, v. JAMES POINTS, AS-
SIGNEE IN BANKRUPTCY OF HENRY HOTTLE.

An appeal does not lie to this court, from the decision of a District Court in a case
of bankruptcy.
Even if it would, the decree of the District Court in this case is not a final decree.

THIS was an appeal from the District Court of the United
States for the Western District of Virginia.

The facts in the case are stated in the opinion of the court so
far as they bear upon the question of jurisdiction; and it is un-
necessary to state the other facts.

It was argued in this court by *Mr. Fultz* for the appellant,
and by *Mr. Stuart* for the appellee.

Mr. Chief Justice TANEY delivered the opinion of the court.
This case may be disposed of in a few words.

James Points, the appellee, was appointed assignee of Henry
Hottle who had been declared a bankrupt, by the District Court
of the United States for the Western District of Virginia. And,
upon the petition of the assignee and the hearing of the parties
concerned, certain settlements and transfers of property made
between the bankrupt and the appellant, were declared to be
fraudulent, and set aside by the court. From this decree Craw-
ford appealed to this court.

It is very clear that the appeal cannot be sustained. The
appellant endeavors to support it, upon the ground that there is
no act of Congress now in force establishing a Circuit Court
for the Western District of Virginia. But, assuming this to be
the case, it does not follow that an appeal to this court can be
taken from the decree of the District Court. For we can exer-
cise no appellate power, unless it is conferred by law; and there
is no act of Congress authorizing an appeal to this court from
the decision of a District Court in a case of bankruptcy. It
was so held in Nelson v. Carland, 1 How. 265, and in the case
*Ex parte* Christy, 3 How. 314, 315.

Indeed, if an appeal would lie from a final decree of the Dis-
trict Court, this appeal cannot be maintained. For the decree
is not final. An account is directed to be taken of the rents
and profits of certain lands, with an option to the appellant to
purchase them at a price named in the decree; and in that
event he is to be discharged from the account for rents and pro-
fits. And, moreover, he is permitted to retain possession of cer-
tain slaves, until it should be ascertained whether the other
assets of the bankrupt's estate would not be sufficient to pay

his debts; and an order to account for their hire and the profits of their labor is suspended in the mean time. While these things remain to be done, the decree is not final, and no appeal from it would lie to this court, even if it had been the decree of a Circuit Court exercising its ordinary equity jurisdiction.

Upon either ground, therefore, this appeal cannot be maintained, and is, therefore, dismissed for want of jurisdiction.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the Western District of Virginia, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that this cause be, and the same is hereby dismissed for the want of jurisdiction.