DUDLEY E. JONES Co. *et al. v.* MUNGER IMPROVED COTTON MACH.
MANUF'G Co.

*(Circuit Court of Appeals, Fifth Circuit.* May 30, 1892.)

No. 6.

APPEALABLE ORDERS—INTERLOCUTORY DECREE—INJUNCTION IN PATENT CASES.
 A decree sustaining the validity of a patent, directing a perpetual injunction
against its infringement, and referring the cause to a master to take an account, is
an appealable interlocutory decree, within section 7 of the act of March 3, 1891;
and where, on appeal therefrom, the cause is submitted on the merits without
objection, and a decree is rendered, it is too late for the appellee to question the
court's jurisdiction by a motion for rehearing.

On rehearing. For former report, see 49 Fed. Rep. 61.
Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

PARDEE, Circuit Judge. This cause is again brought before the court
on an application for a rehearing and upon a motion to vacate all pro-
ceedings had in this cause in this court, and dismiss the appeal herein
for want of jurisdiction, on the ground that the decree of the court
below sought to be reviewed in this case was neither a final decree, from
which an appeal would lie to this court under the sixth section of the
judiciary act of 1891, nor yet such an interlocutory order or decree
that an appeal would lie under the seventh section of the said act.
The case was heard in this court upon the merits without objection on
the part of the appellee, and without a critical examination on the part
of the court as to the character of the decree appealed from. In fact,
appellee in his brief expressly states:

"It is the desire of the appellee that this cause be heard upon its merits,
and we do not, therefore, wish to take advantage of any irregularities which
may have occurred in bringing the case up, or of any omission to assign errors.
*  *  * As the case stands, it must be substantially treated as a rehearing
at the circuit, and for this reason the argument is more diffusive than it
otherwise would be, as it involves a re-presentation of the entire case, with-
out any direction as to special points or findings by the court below."

An examination of the decree rendered by the court below shows
that, while it adjudges the validity of the patent sued on and directs an
injunction termed "perpetual" against the defendants as infringers, it
refers the matter to a master for taking an account. It is well settled
that such a decree is not a final decree from which an appeal could
be taken, or of which this court would have jurisdiction, under the
sixth section of the judiciary act of 1891. *Iron Co.* v. *Martin,* 132 U.
S. 91, 10 Sup. Ct. Rep. 32, and cases there cited. We are, however,
of the opinion that it is an interlocutory decree granting an injunction,
from which an appeal would lie under the seventh section of the said
judiciary act.

An interlocutory decree is:

"When the consideration of the particular question to be determined, or
the further consideration of the cause generally, is reserved till a future
hearing." Daniell, Ch. Pr. (5th Ed.) 986.

Again:

"In fact, till a decree has been enrolled, and thereby become a record, it is liable to be altered by the court itself, upon a rehearing, while a decree which has been enrolled is not susceptible to alteration, except by the house of lords or by bill of review. For this reason it is that a decree which has not been enrolled, although it is, in its nature, a final decree, is considered merely as interlocutory, and cannot be pleaded in bar to another suit for the same matter." Id. 1019.

In the note to page 986, *supra*, the subject is considered at some length, to the effect that the courts have not laid down any satisfactory definition of what is an "interlocutory decree." It is said that the difficulty is in the subject itself, for, by various gradations, the interlocutory decree may be made to approach the final decree until the line of discrimination becomes too fine to be readily perceived. It is further said that the difficulty has been increased by the fact that the definition of a final decree has often been made to turn, not upon the nature of the determination, but upon the construction of the statutes regulating appeals. An allowance of an appeal from an interlocutory order or decree, granting or continuing an injunction in an equity cause under the seventh section of the judiciary act of 1891, is a new feature of the practice in the United States courts. Being of a highly remedial nature, it ought to be construed so as to give full force to the intention of the lawmaker. The mischief to be remedied by the act was that injunctions which deprived parties of the possession and control of property, or compelled enforced action in the use of property, were, under the practice of the courts, frequently rendered long before the final hearing in the case, and operated, to a great extent, in the nature of execution before judgment. This mischief was as great in patent cases, where parties on hearings preliminary to the final decree were enjoined pending long and tedious examinations in the matter solely of accounting, as in any other cases of preliminary injunction. The case of *Richmond* v. *Atwood*, decided in the first circuit, and reported in 48 Fed. Rep. 910, was a case on all fours with the present one, and therein the court took and exercised jurisdiction, apparently without question. The suit was one for an infringement of letters patent wherein an appeal was taken from a decree sustaining the patent, holding the defendant to be an infringer, awarding an injunction, and ordering an account. This court having jurisdiction of the appeal under the seventh section, and having jurisdiction under the sixth section, if a final decree had been rendered in the circuit court, it would seem to have been competent for the appellee to waive a formal final decree, and submit the cause to this court on the merits. Our conclusion in the matter is that in this case the circuit court of appeals was seized of jurisdiction under the seventh section of the act of 1891, and that, as the appellee submitted the case without objection, it is now too late to question the jurisdiction of the court, even if doubtful. After a re-examination of the case, and a consideration of the briefs lately filed, we find no reason to disturb our former conclusions as to novelty of appellee's patent, or on the question of ap-

pellant's infringement. Our decree, however, was perhaps too broad, and should be modified.

The order of the court is that the motion to vacate the proceedings in this cause, and to dismiss the appeal for want of jurisdiction, be denied; that our former decree, remanding the cause, with directions to dismiss the bill, with costs, be, and the same is, modified so as to direct the cause to be remanded to the circuit court, with instructions to dissolve and dismiss the injunction granted in said court; and that appellee pay the costs, and that the rehearing applied for be denied.