Jackson, Circuit Judge.
The appellees, as assignees and exclusive owners of reissued letters patent No. 10,631, dated August 4, 1885, for improvements in stem-winding watches, brought this suit in the ordinary form against appellants for the infringement thereof. On the hearing of the cause upon the pleadings, proofs, exhibits, etc., the circuit court sustained the validity of the original and reissued patents, adjudged that defendants had infringed certain claims of the reissue, ordered the usual account as to damages and profits, and granted an injunction restraining them, their officers and agents, from making, selling, or using 'watches or watch movements embracing and embodying the invention or improvements described in and covered by the claims of the reissue which were held to be infringed. See 50 Fed. Rep. 545. This decree was passed in May, 1892. The defendants filed an assignment of errors, and prayed an appeal from the entire decree, and for a supersedeas of the injunction. The circuit court allowed an appeal from so much of its said decree as granted the injunction, but denied it as to the balance of the decree; the order of the court upon the prayer for appeal being as follows:
“And now upon the filing of the assignment of errors and petition for appeal of the defendants by their solicitors for an appeal in said cause to the *338 United States circuit court of appeals for the sixth circuit, and for a supersedeas of the injunction granted in said cause, the court refuses the appeal as prayed, being of the opinion that such an appeal can be taken only from a final decree, but allows an appeal from so much of the decree, the same being interlocutory, as grants an injunction against the defendants, on condition that appellants [defendants] file an appeal bond for ten thousand dollars herein, within ten days, conditioned as required by law, with security to be approved by one of the judges of this court. ”
Under and in pursuance of this allowance of appeal, the defendants, on the same day, June 1, 1892, filed the required bond for superseding the injunction, which bond recited that “an appeal has been allowed from so much of said decree as grants an injunction against the defendants, and a supersedeas of said injunction granted.” The appellants having perfected their appeal from so much of the decree below as granted the injunction, a full and complete transcript of the record has been filed and the case docketed in this court. The appellants and appellees now make application to this court to hear and finally determine the entire cause upon its merits,—that is, to finally decide and adjudicate the matters of controversy touching the validity of the reissue patent and the question of its infringement,—to the end that the delay and expense incident to taking of the account of damages and profits directed by the decree below may be obviated should this court adjudge that the circuit court was in error in sustaining the patent and in finding that it had been infringed. This application is rested upon the authority of Richmond v. Atwood, 48 Fed. Rep. 910, 1 O. C. A. 144, (decided by the circuit court of appeals for the first circuit,) and Jones Co. v. Munger Manuf’g Co., 50 Fed. Rep. 785, 1 C. C. A. 668, (decided by the circuit courtof appeals for the fifth circuit.) In the latter case the circuit court of appeals for the fifth circuit expressed the opinion that an appeal like the present, under the seventh section of the act of March 3, 1891, invested the appellate court with such jurisdiction over the cause that, if the appellee submitted to its being heard and decided upon its merits, the court had the authority to consider and finally determine the entire controversy. It will, however, be observed that the order in that case, remanding the cause to the circuit court, only directed the injunction to be dissolved and discharged. In Richmond v. Atwood the court went into a consideration of the questions relating to the validity of the patent and its infringement for the purpose of ascertaining whether the injunction was properly or improperly granted, and did not undertake to pronounce any judgment or decree upon the merits, as this court is requested to do in the present case. We entertain no doubt as to the power and duty of this court, under the present appeal, to examine and consider the case presented by the record, for the purpose of determining whether the order of the lower court, granting the injunction, was or was not erroneous. But we find ourselves unable to concur in the opinion expressed by the court in Jones Co. v. Mumger Manufg Co., that this court can, by the submission or consent of the parties, assume and exercise jurisdiction over the subject-matter of the litigation not covered *339 by the appeal allowed and taken. It admits of no question that the entire decree of the circuit court was not appealable either under the sixth section of the act of March 3, 1891, or under previous provisions of law. Barnard v. Gibson, 7 How. 650; Humiston v. Stainthorp, 2 Wall. 106; Iron Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. Rep. 32. It was not final, but interlocutory, in its character, and subject to the further and future control of the court below, and that court properly denied an appeal from the entire decree, and allowed it only from so much thereof as related to the injunction as authorized by section 7 of the act of March 3, 1891. This limited appeal from a part of the interlocutory decree clearly did not remove the whole case or the entire decree from the circuit court to this court. It only brought up for review the question whether the action or order of the circuit court granting the injunction was proper or improper. This court by virtue of that appeal has before it for determination only the question whether that injunction should be sustained or dissolved. The cause is still pending in the circuit court upon all other questions and matters involved in the litigation. It is well settled that, in respect to all matters and questions not withdrawn by said appeal, and still under its jurisdiction and control, the circuit court may hereafter, either before or upon the coming in of the master’s report upon the matters of account, change its opinion on the very questions this court is requested to decide finally. In Fourniquet v. Perkins, 16 How. 84, the rule is laid down that the whole ease is open for revision, and that the court may change all interlocutory decrees or orders relating to the merits when the cause comes to final hearing. The same general principle is announced in Beebe v. Russell, 19 How. 283-287; Craighead v. Wilson, 18 How. 199; Farrelly v. Woodfolk, 19 How. 288; and Green v. Fisk, 103 U. S. 518.
If this court were now to pronounce a final decree upon the matters or questions which still remain subject to the jurisdiction and control of the circuit court, it would be going beyond its legitimate sphere of judicial authority.' This court, under the law of its creation, possesses and can properly exercise only an appellate jurisdiction. If it should, upon the request or consent of parties, assume to pass on and finally decide upon their merits causes or questions pending in a court of original jurisdiction, and not properly before this court, such action would clearly involve the exercise of original jurisdiction. Consent of parties cannot invest this court with such power or authority. The province of this court is the correction of errors in cases properly brought before it by writ of error or appeal. Each party to suits is not only entitled to the benefit of a final decision of the court below on the merits, but to the revisory jurisdiction of this court for its final disposition, after the court of original jurisdiction has ceased to have any further control over the controversy or litigation. Until the questions of controversy leave the lower court, and cease to be subject to its control, this court cannot rightfully take jurisdiction thereof, without invading and encroaching upon the judicial domain of such lower court. The act of 1891, § 7, permits an appeal from an interlocutory order *340 granting or continuing an injunction. The present appeal is allowed and taken from such an order, and its legal effect and operation is to remove from the trial court to this court only that part of the decree which relates to the injunction. That part of the interlocutory decree is before this court for review. The lower court has no further control or jurisdiction over that subject until it receives the mandate of this court affirming or reversing its order granting the injunction. But all other parts or portions of the interlocutory decree, such as those relating to the validity of the reissue patent and its infringement, and the questions that may arise upon the account ordered to ascertain damages and profits, have not yet left the jurisdiction of the lower court. That court may hereafter change its interlocutory decree on the very questions this court is requested to decide finally. For aught that appears or is known to this court, the lower court may have already done so. But suppose this court should decide the merits of the case, its decision of matters or questions .not before it for review, under the present appeal, would have no binding force on the lower court, and might be wholly disregarded when that court came to a final hearing of the cause. Nor would the premature decision of this court upon questions not properly before it prevent either side from taking an appeal from the final decree of the circuit court when such a decree shall be hereafter rendered.
Such a course of practice and procedure as this court is requested to pursue, in respect to matters not properly before it, involving the exercise of original jurisdiction, would be attended with great confusion and perplexity, and would greatly embarrass the orderly administration of justice. It is contrary to all precedent, and entirely out of harmony with the federal judicial system of the United States. Under that system, original jurisdiction can only be exercised by the courts on which it is conferred by the constitution or laws. The blending of original and appellate jurisdiction is not sanctioned by either the constitution or laws of the United States. Sound principle, as well as wise public policy, requires that original and appellate jurisdictions should be kept distinct and independent. To blend them, or allow one court to exercise both, would be attended inevitably with evil and mischievous results. It would doubtless have been well if in the creation of this court the seventh section of the act had permitted or authorized an appeal from interlocutory decrees sustaining the validity of patents and adjudging their infringement, so as to obviate in many cases the taking of expensive accounts, and the delays incident thereto. This has not,. however, been done, as we construe the act of March 3, 1891, and it is not in the power of this court to afford relief, such as the present application seeks to secure.
In our view of the subject this court cannot properly comply with or accede to the application of the parties, for the reasons already stated, that the appeal as allowed'and taken does not bring up for review anything more than that portion of the interlocutory decree which granted the injunction, and that to consider and finally decide other matters, not covered by or included in the appeal, would involve the exercise *341 of original jurisdiction, when this court, under the law of its creation, is restricted and confined to the exercise of appellate jurisdiction. In our opinion the submission or consent of parties cannot invest this court with the jurisdiction to pass upon and determine finally matters of controversy still pending in the lower court, and subject to its control and jurisdiction. But, inasmuch as the circuit court of appeals for the fifth circuit, in the case of Jones Co. v. Munger Manufg Co., above referred to, seems to have entertained, if not taken, a different view of the question, this court deems it proper to certify the matter to the supreme court of the United States, to the end that an authoritative decision may be made by that court, which will, by their construction of section 7 of the act of 1891, establish a uniform rule for all the circuit courts of appeals.
The following order was thereupon entered:
This cause comes before this court by an appeal from the decree of the circuit court of the United States for the eastern division of the southern district of' Ohio, sustaining the letters patent of the appellees, and declaring that the appellants have infringed said letters patent, and directing the issue of a perpetual injunction, and ordering the statement of an account of profits and damages. The transcript presented to this court shows that the appeal was taken immediately from said decree before accounting was had. Both parties desire that this court should give a full hearing on the merits of said decree, so far as relate to the validity of the patent and infringement, and should enter a final decree in this court thereon, the parties agreeing between themselves to suspend accounting until the decision of this court can be had. This court, however, cannot find that they have, under the seventh section of the act creating United States circuit appellate courts, jurisdiction to grant such a hearing and enter such a final decree as is asked, because said decree of the circuit court is only an interlocutory decree, and presents on appeal, under section 7, only the question whether the decree for an injunction, interlocutory in fact, however final in form, was improvidently granted, in the legal discretion of the court, and involves only incidentally the question of the validity of the patent and the infringement complained of. The circuit court of appeals for the fifth circuit, under similar circumstances, after listening to adverse argument, in Jones Co. v. Munger Manufg Co., 50 Fed. Rep. 785, 1 C. C. A. 668, held that said section 7 gave jurisdiction to the court, on, agreement of parties, to render a final decree' on the merits of the validity and infringement of the patent involved. As the judgment of this court differs from that of a co-ordinate court, the instruction of the supreme court is respectfully requested upon the question.
It is therefore ordered that a copy hereof, certified under the seal of the court, be transmitted to the clerk of the supreme court of the United States.