CONSOLIDATED PIEDMONT CABLE CO. v. PACIFIC CABLE RY. CO.,
(two cases.)

(Circuit Court of Appeals, Ninth Circuit. July 24, 1893.)

Nos. 50 and 55.

APPEALABLE DECREES—INTERLOCUTORY INJUNCTION.

On appeal, under section 7 of the judiciary act of March 3, 1891, from an interlocutory decree granting an injunction, made on a hearing upon the merits of the whole case, the circuit court of appeals has jurisdiction to review the merits.[1]

Appeal from the Circuit Court of the United States for the Northern District of California.

In Equity. Suit by the Pacific Cable Railway Company against the Consolidated Piedmont Cable Company for infringement of letters patent No. 189,204, issued April 3, 1877, to William Eppelsheimer, for an "improved clamp apparatus for tramways or street railways." The decree of the circuit court sustained the validity of the third claim of the patent, found infringement thereof by defendant, perpetually enjoined further infringement, and directed a reference for an accounting.

Also, suit between the same parties for infringement of letters patent No. 244,147, issued July 12, 1881, to Henry Root, for a tension apparatus designed to take up the slack of the cable in cable railways. The decree of the circuit court sustained the validity of both claims of the patent, found infringement by defendant, and granted a perpetual injunction and a reference for an accounting as in the other case.

On appeals by defendant in both cases, numbered, respectively, 50 and 55, the circuit court of appeals, on consideration of the merits, affirmed both decrees. 7 U. S. App. 444, 3 C. C. A. 570, 53 Fed. Rep. 385; 7 U. S. App. 434, 3 C. C. A. 566, 53 Fed. Rep. 382. Subsequently a rehearing was granted in both cases, and they were reargued on the question of the jurisdiction of the court, on such appeals, to review the merits. Decrees reaffirmed.

Wheaton, Kalloch & Kierce, for appellant.

Wm. F. Booth, for appellee.

Before McKENNA and GILBERT, Circuit Judges.

---

[1] See note at end of case.

McKENNA, Circuit Judge. This case was heard at the July, 1892, session of the October, 1891, term of the court, and the judgment of the court below affirmed. A rehearing was subsequently granted. This has satisfied us that the views expressed at the former hearing are correct.

The case came here on appeal from an interlocutory decree granting an injunction, but was heard as well on the merits. An inquiry was suggested whether this court had jurisdiction to review the merits. Counsel for both parties agreed that it had.

In the case of Iron Works v. Smith,[1] this point was specifically presented on a motion at this term of plaintiff to limit the appeal of the defendant to one from the order of the circuit court granting an injunction. The motion was denied, and the jurisdiction of the court to review the case on the merits affirmed.

The decree of the circuit court is affirmed.

For the same reasons, same ruling in case No. 55.

### NOTE.

Decisions of the circuit courts of appeals in other circuits on the question of the extent of this jurisdiction in like cases are collected in a note to the report of the original decisions in the above cases. 3 C. C. A. 572, 53 Fed. Rep. 387.