LOCKWOOD et al. v. WICKES et al.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

No. 627.

1. FINAL APPEALABLE DECREES—PATENT CASES.
    A decree, entered after a full hearing on the merits, sustaining a patent, declaring infringement, awarding a perpetual injunction, and referring the cause to a master to ascertain and report profits, is not a final appealable decree.

2. APPEALS FROM INTERLOCUTORY DECREES.
    Act March 3, 1891, § 7, as amended by Act Feb. 18, 1895, authorizes appeals not only from orders granting, continuing, etc., preliminary injunctions, but also from interlocutory decrees made after full hearing on the merits, granting an injunction, and referring the cause to a master to ascertain profits and damages.

3. SAME—APPEALS IN PATENT CASES—DISCRETION OF COURT BELOW.
    Where a patent is sustained after a full hearing on the merits, the complainant should not be allowed, under all circumstances, to waive his right to injunction, and thereby deprive the defendant of an opportunity to appeal from the interlocutory decree, under the provisions of Act March 3, 1891, § 7. In cases in which the taking of an account would involve much labor and expense, the trial court should award an injunction, even though the complainant desires to waive his right to such relief; in other cases, where the taking of an account would involve little labor and expense, the complainant should be permitted to waive an injunction until the decree becomes final. The determination of this question rests in the sound discretion of the trial judge. The practice should be so regulated as to avoid a multiplicity of appeals when they can be avoided without injury to either party.

4. SAME—EXPIRATION OF PATENT—DISMISSAL OF APPEAL.
    An appeal in a patent case from an interlocutory decree awarding an injunction and accounting must be dismissed when it appears that the patent has expired pending the appeal. Gamewell Fire Alarm Tel. Co. v. Municipal Signal Co., 9 C. C. A. 450, 61 Fed. 208, followed.

Appeal from the Circuit Court of the United States for the District of Minnesota.

Robert H. Parkinson and P. H. Gunckel, for appellants.

C. K. Offield and Chas. C. Linthicum (H. S. Towle was with them on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This was a suit to restrain the infringement of letters patent of the United States, No. 212,526, which were issued on February 18, 1879, to H. D. Wickes and E. N. Wickes, the appellees, who were the complainants in the circuit court. The bill of complaint contained the usual prayer that the letters patent might be decreed to be valid, and that the appellants, J. E. Lockwood, C. H. Upton, and N. Nyberg, who were the defendants in the circuit court, be perpetually enjoined from

infringing the same, and for such further equitable relief as might be deemed meet and proper. An answer and replication were filed, proofs were taken, and the case was regularly submitted to the circuit court for final decision. No application was made at any stage of the proceedings for an injunction pending the suit, and no such injunction was at any time awarded. After the circuit court had announced its determination to enter a decree in favor of the complainants, in accordance with the prayer of the bill, the complainants' solicitors moved the court to enter a decree, prepared by themselves, which, in substance, adjudged that the complainants were the owners of the patent in suit; that the defendants were guilty of infringing the same; that they be required to account for the profits realized by said infringement; that the case be referred to a master to ascertain and report the amount of such profits, and that "the question of injunction be deferred and reserved until the coming in of the master's report." The circuit court denied the aforesaid motion. It thereupon modified the proposed decree by adding thereto a clause that the defendants be perpetually enjoined and restrained from the further infringement of said patent, and, as thus modified, the decree was duly signed and enrolled. The present appeal was taken from such decree before the report of the master had been filed.

The first question to be considered is whether the appeal was properly taken, and whether this court has jurisdiction to entertain the same. It admits of no doubt that the decree from which the appeal was taken was not a final decree from which an appeal will lie, and that the appeal cannot be sustained on that ground. It did not dispose of all the issues in the case, so that nothing remained to be done except to execute the decree. The profits realized by the infringement had neither been reported nor ascertained, and until an account of the profits and damages had been taken, stated, and approved, the trial court retained jurisdiction of the case, and was at liberty to revise or modify its decree. Perkins v. Fourniquet, 6 How. 206, 209. It has always been held that such decrees are not final in such sense that an appeal may be taken therefrom. Barnard v. Gibson, 7 How. 650; Humiston v. Stainthorp, 2 Wall. 106; Crawford v. Points, 13 How. 11; Iron Co. v. Martin, 132 U. S. 91, 93, 10 Sup. Ct. 32, and cases there cited. The right of appeal, however, is predicated on section 7 of the act of March 3, 1891 (26 Stat. 826, c. 517), which, as amended by the act of February 18, 1895 (28 Stat. 666, c. 96), now reads as follows:

"That where, upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree or an application to dissolve an injunction shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal. * * *"

It has been generally supposed, or at least there are no decisions to the contrary, that the foregoing section of the act of March 3, 1891, was inserted in the act for the purpose of securing a right of appeal in those cases where, before the hearing of a case on the merits, an application for a preliminary injunction is either granted or refused, and in those cases where a preliminary injunction is dissolved, in advance of a trial upon the merits, by some interlocutory order. It may be conceded that the statute is broad enough in its terms to confer a right of appeal in every case where an injunction is granted, refused, or dissolved by an order or decree that is, in its nature, interlocutory; but it can hardly be presumed that it was the intention of congress to permit two appeals from a decree rendered after the trial of a case on its merits, merely because a portion of the relief consists in granting, continuing, refusing, or dissolving an injunction. If the statute is construed in its broadest sense, and is held to confer a right of appeal whenever an injunction is granted, continued, or refused, then it may frequently happen that an appellate court will be called upon to hear and decide three or more appeals in the same case, which involve substantially the same question or questions. For example, an appeal may be taken when the trial court grants a temporary injunction, an appeal may be taken when the temporary injunction thus granted is continued or made perpetual by an interlocutory decree rendered after a trial upon the merits, and a further appeal may be prosecuted on the coming in of the master's report when the interlocutory decree is made final. We can hardly suppose that it was the purpose of congress to thus enlarge the right of appeal and increase litigation and make it more burdensome and expensive. It seems more reasonable to believe that section 7 of the act of March 3, 1891, supra, was intended to confer the right of appeal in those cases only where, prior to a hearing on the merits, an injunction is granted, continued, refused, or dissolved, and that an injunction granted after a trial upon the merits, by a decree that is intended to settle the rights of the parties, is not within the provisions of the statute, but is governed by the old rule that an appeal from such a decree can only be prosecuted after it becomes final.

But, even if the appeal in the present case was authorized by section 7 of the act of March 3, 1891, supra, there is another reason we think why it ought not to be sustained. Complainants did not ask the circuit court to award an injunction, but such relief appears to have been granted at the instance of the defendants. The record recites, in substance, that the cause came on to be heard upon the complainants' motion to enter a decree herein in accordance with the form proposed by the complainants, and was argued by counsel, and that the court, upon consideration thereof, denied said motion, for the reason that the granting of the decree in the form proposed, without the allowance of an injunction, would defeat the defendants' right of appeal. From this we must infer that the defendants objected to the proposed decree, and insisted that an injunction should be awarded for the pur-

pose of giving them an immediate right of appeal pending the hearing before the master. And as the only question which arises on the present appeal concerns the right to an injunction, such action on the part of the appellants places them in the attitude of complaining of an order that was made at their instance.

On the state of facts disclosed by the present record, we know of no sufficient reason why the complainants should not have been permitted to relinquish their right to an injunction, even though such waiver would have operated to defeat an appeal until the decree was made final by the filing and approval of the master's report. As the patent was issued in February, 1879, it had only a few months to run when the decree was entered, and would soon have become public property. This was one reason, doubtless, why an injunction was not asked for by the complainants. The act of March 3, 1891, provides, in substance, that an appeal taken from an interlocutory order granting or refusing an injunction, shall not operate to stay further proceedings in the case unless the trial court shall so direct; but, as the defendants did not apply for a stay of proceedings, and as no such order was made, it is evident that the defendants' action in insisting upon the issuance of an injunction was not taken for the purpose of avoiding further litigation and expense in the proceedings to be had before the master. On the contrary, their action was well calculated to increase the burden and expense of the litigation, for beyond all question they will be entitled to prosecute a further appeal when the decree becomes final, and on the hearing of such appeal the very same questions will doubtless be presented for our consideration that are raised by the present record. We think, therefore, that the complainants below were entitled to waive their right to an injunction, and that such relief ought not to have been forced upon them merely for the purpose of enabling the defendants to appeal from the interlocutory decree. We are furthermore of the opinion that the defendants were not entitled to appeal from an order that was evidently made at their instance, until after the interlocutory decree had become final. Entertaining these views, the present appeal will be dismissed, without prejudice to the defendants' right to appeal from the decree when it shall have become final.

## On Reargument.

### (June 22, 1896.)

In our former decision of this case (75 Fed. 118), we expressed the opinion that while section 7 of the act creating circuit courts of appeals (26 Stat. 826, c. 517), as amended by the act of February 18, 1895 (28 Stat. 666, c. 96), was "broad enough in its terms to confer a right of appeal in every case where an injunction is granted, refused, or dissolved by an order or decree that is, in its character, interlocutory," yet that it was not probable that congress intended to permit an appeal from an interlocutory decree rendered after a full hearing of a case on the merits, in which an injunction was awarded and an order was made for an accounting. In expressing

that opinion, we overlooked two decisions to the contrary that had been rendered in other circuits, which have since been called to our attention, to wit, Richmond v. Atwood, 5 U. S. App. 151, 166, 2 C. C. A. 596, and 52 Fed. 10; and Jones Co. v. Munger Improved Cotton Mach. Manuf'g Co., 2 U. S. App. 188, 202, 1 C. C. A. 668, and 50 Fed. 785. It is of the highest importance that a uniform interpretation should be placed on the act in question; and, as the statute is broad enough in its terms to sustain the interpretation that has been approved in the First and in the Fifth circuits, we shall adopt that construction. All intimations to the contrary that are found in our former opinion are accordingly overruled.

In our previous opinion we also said that, on the state of facts disclosed by the record, "the complainants below were entitled to waive their right to an injunction, and that such relief ought not to have been forced upon them merely for the purpose of enabling the defendants to appeal from the interlocutory decree." By the statement thus made, we would not be understood, however, as holding that, in every case where a patent is sustained after a full hearing on the merits, the complainant is entitled to waive his right to an injunction until the coming in of the master's report, and by that means deprive the defendant of his right of appeal until the decree is made final. It is doubtless true, as has been suggested, that, in many cases where the taking of an account of damages and profits would involve much time, labor, and expense, a restraining order should be entered to secure to the defendant an immediate right of appeal, and to stay further proceedings, even though the complainant asks leave to waive his right to injunctive relief, until an account has been taken and stated. In other cases, however, where the labor and expense incident to taking an account would be slight, and cause but little delay, no reason is perceived why a trial court, in the exercise of its discretion, may not withhold an injunction if the complainant does not demand that form of relief. The practice in that regard ought to be so regulated as to avoid unnecessary labor and expense in taking an account, and at the same time so as to prevent the multiplication of appeals, when the latter object can be accomplished, as it oftentimes may be, without substantial injury to either party. Upon the whole, we conclude that the question whether a complainant should be permitted, in a given case, to waive his right to an injunction, and thereby postpone the right of appeal until the decree becomes in all respects final, is one which may be safely remitted to the discretion of the trial court; and that discretion should be exercised along the lines above indicated. In the case at bar, we think, for the reasons which were stated at some length in our former opinion, that the circumstances were such that the trial court might very properly have consented to enter such a decree as the complainants desired to have entered, although it did operate to prevent an immediate appeal. The circuit court, however, took a contrary view, and, in the exercise of its discretionary powers, awarded an injunction. Such action on its part we will not undertake to review. It cannot be said, therefore, that the defendants below have appealed from an order which was made at their instance,

and that the appeal should for that reason be dismissed. We are satisfied that the statement to that effect made in our former opinion was erroneous.

For another reason, however, which was called to our attention on the reargument of the case, the order heretofore made dismissing the appeal will not be disturbed, but will be allowed to stand. Since the case has been pending in this court, the patent on which the suit is founded has expired, and by virtue of that fact the interlocutory injunction is dissolved. As the appeal was taken solely from the order granting an injunction, there would seem to be nothing for the judgment of this court to operate upon, even if the case was retained. Direct authority in support of this proposition is found in the case of Gamewell Fire-Alarm Tel. Co. v. Municipal Signal Co., 21 U. S. App. 1, 9 C. C. A. 450, and 61 Fed. 208, where it was held that an appeal from an interlocutory order granting an injunction should be dismissed because, during the pendency of the appeal, the patent had expired, and the injunction had ceased to be operative. In several other analogous cases the same rule has been followed. Thus, in Little v. Bowers, 134 U. S. 547, 10 Sup. Ct. 620, which was a suit to restrain the collection of a municipal tax, on the ground that it had been illegally assessed, the appeal was dismissed because, during the pendency of the appeal, the taxes had been paid. In that case it was strongly urged that the question involved was one of great importance to the appellants, and not a moot question, because other cases identical with the one at bar were still pending in the lower court. But the supreme court said that this fact rendered it the more important that the appeal should not be entertained. See, also, Manufacturing Co. v. Wright, 141 U. S. 696, 12 Sup. Ct. 103; Mills v. Green, 159 U. S. 651, 16 Sup. Ct. 132, and cases there cited; also, the recent decision of this court at the December term, 1895, in Gold Mines Co. v. Brown, 74 Fed. 12.

It is contended by the appellants that, although the present appeal is from an interlocutory order, yet that this court is not confined merely to a consideration of the question whether the circuit court abused its discretion in granting an injunction, but may determine whether the patent on which the injunction rests is for any reason invalid, and, if so found, may terminate the litigation on the present appeal by dismissing the bill. Several authorities sustaining this view have been cited. Green v. Mills, 16 C. C. A. 516, 69 Fed. 852; Consolidated Piedmont Cable Co. v. Pacific Cable R. Co., 7 C. C. A. 195, 58 Fed. 226; Goshen Sweeper Co. v. Bissell Carpet Sweeper Co., 19 C. C. A. 13, 72 Fed. 67; Richmond v. Atwood, 5 U. S. App. 151, 2 C. C. A. 596, and 52 Fed. 10. Proceeding from this premise, counsel for the appellants argue that the present appeal should be retained, although the patent has expired, in order that it may be determined whether the patent sued upon is valid. We think it is a sufficient answer to this contention to say that, if we undertake to decide on the present appeal whether the patent is valid or otherwise, we must do so for the purpose of determining whether the interlocutory injunction was properly awarded, and ought to be continued in force, and for no other purpose. It is the existence of an injunction, which is sup-

·posed to be at the present time in some way detrimental to the appellants' interests, which creates the right to inquire whether the patent is valid; and, as the injunction has already been dissolved by the death of the patent, we cannot consent to indulge in the inquiry last aforesaid, unless it shall become necessary to do so hereafter for the purpose of determining whether the appellants are liable for damages and profits for infringing the deceased patent. We may never be called upon to decide the latter question.

Concerning the plea which was somewhat pressed on the argument that the dismissal of the present appeal will compel the appellants to bring the case here again, at great expense, after the account has been taken and stated, it is only necessary to say that, should an appeal be taken after the decree becomes final, an order will be made, on a proper application by counsel for the appellants, whereby the case may be heard on the present record and briefs, without bringing up any of the proceedings of the trial court, except those which have been taken subsequent to the present appeal.

It results from these views that the order heretofore made dismissing the appeal will stand confirmed.