## LACKAWANNA COAL & IRON CO v. BATES.

(Circuit Court, W. D. Missouri. W. D. June 5, 1893.)

REMOVAL OF CAUSES—SUITS AGAINST CORPORATIONS—EXECUTION AGAINST STOCK-HOLDERS.

Rev. St. Mo. 1889, § 2517, provides that after the return nulla bona of an execution against a corporation the judgment creditor may, on motion, and after notice in writing to the person to be charged, have an execution against any stockholder therein for the amount of his unpaid stock. *Held,* that this proceeding to charge the stockholder is not merely auxiliary to and dependent upon the suit against the corporation, but is itself a "suit," within the meaning of the removal of causes acts, and may be removed by the stockholder to a federal court when the requisite diversity of citizenship exists. Webber v. Humphreys, 5 Dill. 223, overruled.

At Law. On motion to remand to the state court. Denied.

Statement by the court:

The case arose out of the following state of facts: The plaintiff recovered judgment in the state court against the North Side Construction Company and others for the sum of $26,250 and costs. The defendant company is a corporation under the laws of the state of Missouri. Execution issued on said judgment, and was returned nulla bona. Thereupon the plaintiff filed its motion in said state court for an execution against Theodore C. Bates, as a stockholder in said defendant company, for unpaid stock. This proceeding is predicated of section 2517, Rev. St. Mo. 1889, which provides, in substance, that if any execution be issued against any corporation, and there cannot be found any property or effects whereon to levy the same, execution may be issued against any stockholder to the extent of the amount of the unpaid balance of such stock by him owned: "provided, always, that no execution shall issue against any stockholder except upon an order of the court in which the action, suit, or other proceedings shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the person sought to be charged; and upon such motion such court may order execution to issue accordingly: and provided, further, that no stockholder shall be individually liable in any amount over and above the amount of stock owned." Said Bates was and is a citizen of the state of Massachusetts. Being found here, service of notice was had upon him, and on his appearance to the proceeding in the state court he filed petition for the removal of the cause into this court, on the ground of his being a citizen of another state, Accordingly the proceeding was removed into this court. The plaintiff thereupon filed its motion to remand the case on the ground that the same was not removable under the act of congress.

Johnson & Lucas, for plaintiff.

Lathrop, Morrow & Fox and Kenneth McC. De Weese, for defendant.

PHILIPS, District Judge. The question to be decided is whether or not this proceeding is a suit, within the meaning of the judiciary act, and, as such, removable from the state court to the United States circuit court, under the second section of the act of congress of March 3, 1887, as amended August 13, 1888. The contention of plaintiff is that the proceeding under the state statute is merely ancillary, in aid of the writ of execution, and, as such, is to be regarded as a continuation of the proceeding on the judgment; and that, as the principal cannot be removed hither, neither can this, its mere incident. Without undertaking to review the

various cases cited in argument by counsel, I shall consider principally the ruling of Judge Dillon in Webber v. Humphreys, 5 Dill. 223, holding that such a proceeding is not a "suit," within the meaning of the judiciary act, and is not, therefore, removable. His conclusion was predicated on the proposition that the proceeding is not an independent suit, but a mere sequence or dependency, based on the state statute, as a means of enforcing the judgment of a state court. Conceding the premise, his conclusion was right; but, if the premise be wrong, the conclusion must fall. At the date of that opinion the judicial character of this proceeding for execution under the statute had not been declared by the state supreme court. Since then, however, it has been held that such a motion is in the nature of a suit in equity at common law to reach assets in the hands of the stockholder, and that the motion, in effect, is a petition in an action. Erskine v. Loewenstein, 82 Mo. 305. And more recently this statute has undergone very full consideration by the supreme court of the state. In Wilson v. Railway Co., 108 Mo. 588, 600, 602, 18 S. W. Rep. 286, it is held that the required notice is "process" in its character, for the purpose of bringing the defendant stockholder into court. The court says:

"A stockholder is not in any sense a party to the judgment rendered against a corporation to which he may belong, nor does such judgment bind his property. * * * In Blackman v. Railroad Co. it was ruled that, upon a corporation being sued, a stockholder is not a party to the action, and not before the court." 58 Ga. 189.

The court then proceeds to notice the ruling by the English courts in such proceeding, where it is held that the stockholder should have an opportunity to have the matter as to his liability tried by a jury, with the right to a writ of error; that the stockholder "is not a party on the record, and, though the acts say that execution shall issue, they mean after the proper stages have been taken to make the person intended to be charged a party to the record." Further on the court says:

"The proceeding is sometimes said to be auxiliary to the main one, yet * * * the moving against the stockholder * * * is an independent and original action; and so this court has treated it in regard to the stockholders. * * * Any process, whether notice, writ, or motion, which, when served upon a party, will have the effect to authorize an order or judgment in personam against him, upon the rendition of which a general execution may issue, leviable upon all the property in the state of which he may be possessed, cannot be regarded in any other light, so far as that party is concerned, than as an independent proceeding."

On the well-settled rule of comity, this court, in applying a state statute in a case like this, feels bound by, and will follow, the construction placed upon it by the state court.

It would not be questioned if, in the absence of this statutory proceeding, the judgment creditor had found Mr. Bates in this state, and had proceeded against him by bill in equity to reach assets in his hands belonging to the debtor corporation, it would have been a "suit" removable into this jurisdiction. And since the state supreme court declares that the motion for execution is in the nature of a suit in equity to reach such assets, and is an independent and

original action, to be treated independently of the cause against the corporation, as between the petitioner and the defendant stockholder, with the right of trial, appeal, and writ of error as in any other action at law, it must be a suit, within the meaning of the act of congress; and, if so, why is not this defendant, who by chance is found within the state, and called into court by process to litigate the question as to whether or not he is a stockholder, and the extent of his liability, entitled to his constitutional right as a nonresident to have his cause tried in a federal court? I concede that it has been repeatedly held that, where a party is called by process of garnishment into a proceeding by attachment and the like, he is not entitled to remove the case. The principal reasons assigned therefor are that it not only becomes a part of the original proceeding, but that, in case of a judgment against the garnishee, it might be for a sum greater than the claim established against the principal debtor; and in such case the application of the fund would devolve upon the court where the judgment was rendered in making proper distribution of the surplus, and in such case the proper parties would not be before the federal court in case of removal by the garnishee. Obviously this objection can find no application here, as the proceeding for execution against the stockholder arises only after return of nulla bona on the execution against the corporation; and, no matter what amount the stockholder might owe the corporation, no more than would be sufficient to satisfy the execution could be awarded against him.

Again, it is said, in support of the proposition that this proceeding is merely incidental and dependent, that if the debt against the corporation should be satisfied by it, the proceeding against the stockholder would eo instanti cease. The same could be said of a suit in equity by a judgment creditor against a fraudulent grantee to declare a trust in favor of the creditor, or of a suit at law against the assignor of a note after failure to collect from the maker. A payment by the original debtor would put an end to the last proceeding. Yet no question could be made, if the diverse citizenship existed, of the right of the defendant in such suits to remove the cause into the federal court. As said by Mr. Justice Bradley in Barrow v. Hunton, 99 U. S. 85:

"The character of the cases themselves is always open to examination for the purpose of determining whether, ratione materiae, the courts of the United States are incompetent to take jurisdiction thereof."

The case of Bondurant v. Watson, 103 U. S. 281, is illustrative of the proper distinction in question. B. had proceeded to judgment in a parish court of Louisiana against C., and sued out thereon a fi. fa. against land covered by the mortgage sought to be enforced. A., who was not a party to that judgment, filed suit in the state court to restrain B. from levying the writ on this specific land, claiming a superior title under C. Thereupon B., a nonresident, removed the proceeding into the federal court. The right of removal was contested on the ground that it was not a new and independ-

ent proceeding, but a mere sequence of the judgment proceeding. But the court said:

"The controversy in the original case between Walter E. Bondurant and Albert Bondurant and others had been ended by a final judgment. The case between Watson and Mrs. Bondurant had its origin in a judgment, but it was a new and independent suit between other parties, and upon new issues. * * * It could not be called incidental or auxiliary to the original case. It was a new and independent controversy between other parties. It filled all the requisites of the law for the removal of cases. It was a suit of a civil nature in equity, in which the matter in dispute, exclusive of costs, exceeded the sum or value of five hundred dollars, ($500.00,) and in which there was a controversy between citizens of different states. No reason is perceived why a party to such a controversy should not enjoy his constitutional right of having his cause tried by a court of the United States. The case of Bank v. Turnbull, 16 Wall. 190, relied on by the appellee, is not in point. That was a statutory proceeding to try in a summary way the title to personal property seized on execution. It was nothing more than a method prescribed by the law to enable the court to direct and control its own process, and, as decided by this court, was merely auxiliary to, and a graft upon, the original action."

One branch of the varied and protracted litigation between Wilson and Seligman reached the supreme court of the United States, and was passed upon shortly after the case in the state court. In this light the language of Mr. Justice Gray is quite significant touching the question whether the present proceeding possesses the element of an independent suit. 144 U. S. 41-46, 12 Sup. Ct. Rep. 541. He says:

"He [Seligman] denies that he was a stockholder, and the question whether he was one was not tried or decided in the controversy between the plaintiff and the corporation, nor involved in the judgment recovered by one of those parties against the other. Under the statute of Missouri, and upon fundamental principles of jurisprudence, he is entitled to legal notice, and trial of the issue whether he is a stockholder, before he can be charged with personal liability as such."

The defendant's controversy with the plaintiff is wholly separable from the issues involved in the judgment against the corporation. The only question he litigates here is his liability as a stockholder. The motion takes and occupies the character of a petition. The defendant is brought into court on process. There is a plaintiff and a defendant, and the object of the proceeding is to have the court adjudge whether or not the defendant's property shall be rendered liable to plaintiff in the sum of $26,250 or less. On this issue he is entitled to a trial in due form of law, with the right of appeal or writ of error. The defendant corporation is not a party to this proceeding, and is not before the court. If such a case does not present all the elements of a "suit," within the meaning of the judiciary acts of congress, it does seem to me that Chief Justice Marshall was in error when he said, in Weston v. Charleston, 2 Pet. 464:

"The term ['suit'] is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice on which an individual pursues that remedy which the law affords. The modes of proceeding may be various, but if a right is litigated in a court of justice the proceeding on which the decision of the court is sought is a suit."

In Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. Rep. 460, followed by this court in Kansas City & T. R. Co. v. Interstate Lumber Co., 37 Fed. Rep. 3, it was held in a condemnation proceeding instituted under the Colorado statute, although such proceeding could alone originate in the state circuit court, and without the usual form of pleading, that it was removable to the United States circuit court, because "it is an adversary proceeding from the beginning, * * * from the time of the filing of the petition and service of process upon the defendant;" citing the case of Gaines v. Fuentes, 92 U. S. 10, where it was held that a controversy between citizens is involved in a suit "whenever any property or claim of the parties capable of pecuniary estimation is the subject of litigation, and is presented by pleadings for judicial determination." Of course, language so broad is to be restrained in its application to the particular case, but it applies with marked aptness to such a pronounced "independent and original action" as the one under consideration.

It follows that the motion to remand is denied.