LAKE STREET EL. R. CO. v. FARMERS' LOAN & TRUST CO. et al.

(Circuit Court, N. D. Illinois. March 16, 1896.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—RAILROAD MORTGAGE.

A railroad company which had given a mortgage to two trustees, one of which was a corporation of another state, brought suit to have such trustee removed, and also to restrain it from foreclosing the mortgage against the wishes of the other trustee and of a majority of the bondholders, *Held*, that the controversy between the railroad company and the former trustee was a separable one, to which the other trustee and the bondholders were not necessary parties.

In Equity.   On motion to remand.

Knight & Brown and Chas. H. Aldrich, for complainant.
Runnells & Burry and J. J. Herrick, for defendant.
Dupee, Judah, Willard & Wolf, for Northern Trust Co.

GROSSCUP, District Judge.   The bill is by the Lake Street Elevated Railroad Company, a corporation under the laws of Illinois, against the Farmers' Loan & Trust Company, a corporation under the laws of New York, the American Trust & Savings Bank, a corporation under the laws of Illinois, and the Northern Trust Company, a corporation under the laws of Illinois.   The bill shows that the complainant is owner and operator of an elevated railroad, and as such has authorized the issue of $10,000,000 of bonds, consisting of 100,000 bonds of the par value of $100 each, to secure which complainant executed and delivered to the American Trust & Savings Bank and the Farmers' Loan & Trust Company, defendants, as trustees for the bondholders, its trust deed upon its property and appurtenances, situated in Cook county, Ill., which trust deed was duly accepted by the trustees therein named.   The trust deed confers upon the trustees the usual power contained in such instruments, including the power, in case of default of interest for a period of six months, and upon the request of one-fourth in interest of said bondholders, to declare all the bonds immediately due and payable; also, upon a request of a majority of the bondholders, to enter upon and take possession of the road, and to foreclose the mortgage by the sale of the railway lands, franchises, etc., of the mortgagor.   It is also provided that every holder of bonds secured by the mortgage accepts the same subject to the agreement that every right of action, whether at law or in equity, under the mortgage, is vested exclusively in the trustees. There is also a provision that in case either trustee shall resign or be removed, or otherwise cease to act, or become incapable of acting, the successor shall be appointed by the surviving trustee, or, in case no such appointment shall be made within 30 days, then by any judge of the United States circuit court for the Seventh circuit, upon the application of the holders of not less than $1,000,-000 of the principal of the bonds.

The bill avers that the Farmers' Loan & Trust Company has not complied with the laws of Illinois requiring a deposit with the auditor of public accounts of the sum of $200,000 in securities, and

that the complainant, at the time of the execution, delivery, and acceptance of the trust deed, had no knowledge of this dereliction. The bill further avers that, of the $10,000,000 of bonds authorized to be assessed, $6,500,000 were issued and delivered to the trustees, and that afterwards additional bonds to the amount of $1,074,000 were issued and delivered to the complainant, under the direction of the Farmers' Loan & Trust Company, as provided under the terms of the mortgage. It is shown by the bill that the complainant has built, and is now operating, an elevated railroad in the city of Chicago, and has been unable to earn sufficient money to pay the interest upon the bonded indebtedness, but that, notwithstanding such facts, one William Ziegler, of New York, in conspiracy with various other persons, representing and owning 610 of the total issue of 7,574 bonds, has made a demand upon the trustees that they proceed to foreclose the mortgage and take possession of the road under the authority of the trust deed, or to file a bill to foreclose such mortgage, and that the complainant has filed a bill in the circuit court of Cook county, Ill., against these bondholders, enjoining them and the trustees from taking any action to foreclose the mortgage upon the request or demand of such bondholders. The bill further avers that, notwithstanding no other demand for action has been made upon the Farmers' Loan & Trust Company, it is proposed by such trust company to file a bill for foreclosure, and that it intends, in violation of its duty, and with the effect of injuring and destroying the property and assets of the complainant, to proceed to take possession of the property or foreclose the trust deed, unless restrained by the court. It is shown by the bill that the holders of 6,574 of the bonds have specially requested the trustees to take no action whatsoever under the mortgage on account of the failure of the company to pay interest upon the overdue coupons, and that the American Trust & Savings Bank, in compliance with such request, and after a full examination of the affairs of the company, has declined and refused to join the Farmers' Loan & Trust Company in any proceedings to enforce the provisions of the mortgage. It is further shown that the holders of over 6,500 of the bonds desire that the Farmers' Loan & Trust Company should be removed as trustee, both because of its failure to comply with the laws of the state of Illinois respecting the deposit of securities, and because of its intention to act or take proceedings under the mortgage, in violation of the request of the holders of a majority of the bonds. The bill prays that a new trustee may be appointed; that an injunction pendente lite may be issued, restraining the Farmers' Loan & Trust Company from bringing or prosecuting any suit under the provisions and conditions of the mortgage; and that upon the final hearing thereof such injunction may be made perpetual; and for other and further relief. The Farmers' Loan & Trust Company, in apt time, filed its petition for removal of the cause to this court. This application the state court refused, and thereupon a transcript of the record in the state court was taken out, and docketed here. The petition shows the requisite jurisdictional amount involved, and diversity of citizenship, and avers that prior to the filing of the bill

in the state court a bill has been filed in this court by the Farmers'
Loan & Trust Company for a foreclosure of the same mortgage. The
files of this court show that such a bill is now pending. The Lake
Street Elevated Railroad Company and the Northern Trust Company
move to remand, and the American Trust & Savings Bank move to
strike the case from the docket. Both of these motions involve the
same question.

Both by the terms of the trust deed, and by the settled law of
the supreme court respecting transactions of this character, the
trustees are representatives of the bondholders. But they are
more than that. They are, by the terms of the mortgage, intrusted
with large discretionary powers touching the interest both of the
mortgagor and the bondholders. It is not necessary to enumerate
these powers. But that provision of the mortgage which, upon a
default in the payment of interest, empowers the trustees at the
instance of one-fourth of the bondholders, and requires them at
the instance of one-half, to take proceedings towards foreclosure,
is illustrative of their extent and potency. A wide margin of dis-
cretion is thus left to the trustees. The mortgage, indeed, is a
contract between the mortgagor and the bondholder, definitely fix-
ing, in many respects, the rights of each of the parties thereto,
but leaving, in other important respects, these rights to the judg-
ment and discretion of mutual trustees. The distinctive person-
ality of such trustees—their integrity, experience in affairs of this
kind, impartiality, and good judgment—are matters of vital con-
sequence to both parties to the contract. It would be highly in-
equitable that such a vital element of the contract, viz. the person-
ality of the trustees, should be expunged, at the instance of one
party, without an opportunity to the other, or their representatives,
of a hearing thereon. The trustee sought to be removed is not the
only one interested. The parties to the contract whose interests
are affected by the loss of the trustee's personality are at least
equally interested. If the sole purpose of this bill were to remove
the Farmers' Loan & Trust Company, as trustee under the trust
deed, there could be no doubt of the indispensableness of either the
bondholders, or their remaining trustee, as parties to the suit.

I am equally convinced that, if the basis for the action sought was
the fraud or misconduct of both trustees, there could be no judg-
ment upon that controversy, even though it ran against one of
the trustees only, without the presence of the other in court.

But is the sole, or the principal, object of this bill the removal of
the Farmers' Loan & Trust Company from its trusteeship under the
mortgage? The bill, by showing that the mortgagor is in default
on payment of interest, presents a case where it is exposed, under
the terms of the mortgage, to liability of a proceeding by the trus-
tees for a foreclosure. The bondholders, it appears, are divided
respecting the wisdom or rightfulness of foreclosure at the pres-
ent time; nearly nine-tenths opposing such a proceeding, and only
about one-tenth urging it. The trustees have also divided, one
determining to obey the voice of the large majority, the other in-
tending to bring foreclosure proceedings at the instance of the

small minority. The situation is one that might well alarm the mortgagor, and greatly prejudice its important interests, if foreclosure were permitted. It is not difficult to imagine, in order to meet the practical possibilities of the situation, that the mortgagor's enterprise is at one of those critical periods when disturbances of its credit by foreclosure proceedings would make or unmake the success of the whole venture. The bill seeks an injunction—not simply temporarily, but permanently—against proceedings of foreclosure by the Farmers' Loan & Trust Company upon the present election of the minority of bondholders, and exhibits, as a reason for such injunction, not simply the incapacity of the trustee to act as such under the laws of Illinois, but also its supposable misconduct and bad faith in attempting so to act upon the voice of an inconsiderable minority, and against what may be argued to be one of the plain provisions or intendments of the mortgage. The remedy sought is not simply removal, but is an injunction; not an injunction either as an adjunct to the proceeding for removal to preserve the statu quo, but injunction as a definite end and object of the suit. The reasons, both of fact and law, for such injunction, are not the incapacity of the trustee only, but his supposed misconduct, in violating the provisions of the contract between the mortgagor and the bondholders, and thus jeopardizing the situation and interest of the mortgagor. Looking at the situation as a whole, I cannot escape the conclusion that the dominating purpose of the bill is not to remove the trustee, but to permanently restrain it from bringing, as matters now stand among the bondholders, a suit for foreclosure; that the principal controversy is not whether the trustee is incapable, under the laws of Illinois, of holding its place, but whether such trustee has the power and right, under the provisions of the trust deed, as applied to the situation disclosed, to set foreclosure proceedings in motion.

It is plain, therefore, that a controversy, wholly separate from the consequences of the trustee's possible incapacity under the laws of Illinois, is embodied in the averments of the bill. Strip the bill of every averment respecting the trustee's incapacity, and of the prayer for its removal, and there would remain a supposed case of intended misconduct and violation of duty, and a prayer for injunction against the consequences of the same. It is plain to me that the complainant, however the other question might go, would not resign its right of a hearing upon this. Indeed, these averments of misconduct and violation of duty, unless they constitute an independent or additional reason for the injunction, have no place in the bill, for they do not aid the complainant's contention that the trustee is incapable to act as such. If the laws of Illinois forbid the Farmers' Loan & Trust Company from acting as trustee, it could not proceed with foreclosure, whatever might be the character—rightful or wrongful—of its intended conduct.

Regarding the bill, then, as presenting this separate controversy, namely, the case of one of two cotrustees under a mortgage, who, in violation of the terms of the mortgage, and to the irreparable injury of the mortgagor, intends to initiate proceedings for a fore-

closure, on account of which, and against whom, an injunction is asked, I come to the question, are the bondholders and the cotrustee, not participating in such intention, but expressly opposed thereto, indispensable or necessary parties to the suit? Clearly, they are not parties on the same side as the trustee against whom the misconduct and the wrong is alleged. No remedy is asked against them, or would be proper. No conduct of theirs is called in question, or is even disclosed, except such as is calculated to commend the complainant's position. Their interest, if any they have, lies on the same side as their wish and choice, and is in such case with the complainant, as against the Farmers' Loan & Trust Company. The whole question is plainly one between the Farmers' Loan & Trust Company and the bondholders whose voice it chooses to obey, on the one side, and the mortgagor and the American Trust & Savings Bank, with the bondholders whose voice it chooses to obey, on the other side. The divisional line between these conflicting interests is distinct, and marks a controversy between citizens of New York on one side and citizens of Illinois on the other. It follows that the motion to remand and the motion to strike from the docket must be overruled.