LAKE STREET EL. R. CO. v. FARMERS' LOAN & TRUST CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 9, 1897.)

No. 326.

1. CIRCUIT COURTS OF APPEALS—APPEALS FROM INTERLOCUTORY ORDERS.
 The power of the circuit court of appeals to review an order granting or refusing a preliminary injunction cannot be hampered or restricted by any prior ruling of the circuit court, involving the same question or any phase of the question, though made in an order from which a direct appeal is not allowed, especially where such ruling relates to the jurisdiction of the court.

2. HARMLESS ORDER—JURISDICTION.
 An order dissolving a temporary injunction, which under the circumstances is harmless, will not be reviewed in order to decide a question of jurisdiction.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Clarence A. Knight and Paul Brown, for appellant.

Runnells & Burry, for Farmers' Loan & Trust Co.

Moran, Kraus & Mayer, for American Trust & Savings Bank.

Dupee, Judah, Willard & Wolf, for Northern Trust Co.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This suit was commenced in the superior court of Cook county, Ill., by the Lake Street Elevated Railroad Company, the appellant here, against the Farmers' Loan & Trust Company, the American Trust & Savings Bank, and the Northern Trust Company of Chicago, the appellees. Each of these companies is represented separately by its own attorneys or counsel. The purpose of the suit was to remove, and to procure the appointment of a successor to, the Farmers' Loan & Trust Company as co-trustee with the American Trust & Savings Bank in a mortgage upon the road and franchises of the appellant company, and to enjoin, pending the suit and perpetually, the bringing or prosecution, by the Farmers' Loan & Trust Company, of any suit to foreclose the mortgage. The parties are corporations of Illinois, except the Farmers' Loan & Trust Company, which was organized under the laws of New York. That company presented to the superior court, and moved that court to grant, a petition for the removal of the case to the federal court, and, the motion having been denied, procured a transcript which by leave of court was filed in the court below. Thereupon the other parties each filed motions to remand the case to the superior court. These motions, for reasons stated in the opinion of the court (72 Fed. 804), were overruled. In a later opinion, found in the record, the status of the case in the two courts is explained, and it is stated, in substance, that, in order to avoid conflict, the presiding judges had agreed that a temporary injunction, which, upon the filing of the bill, the superior court had ordered without notice, should be dissolved "in each court at the same hour," and thereafter, on April 21, 1896, an order was entered by the court below, on motion of the Farmers' Loan & Trust Company, and after argument, that the injunction granted

77 F.—49

by the superior court prior to the removal of the cause be dissolved; and it is upon the entering of that order that error is assigned.

The chief objection urged is that the court never acquired jurisdiction of the case, and therefore was without power to make the order. The jurisdiction is denied on the grounds that the case is not between citizens of different states, and that there is involved in the suit neither a federal question nor a separate or separable controversy between the complainant and the Farmers' Loan & Trust Company, to which the other respondents, one or both, are not necessary parties. On the other hand, the right of removal is asserted, both on the ground of a separable controversy, and because a federal question is presented, and at the same time it is contended that this court cannot consider the question of jurisdiction, or whether the case was removable, because that question was determined by the circuit court when it overruled the motions to remand. That ruling, it is contended, cannot be reviewed on this appeal from the later order dissolving the injunction, in considering which the court must proceed on the assumption that the case was properly removed into the circuit court; the order of the circuit court in that respect being reviewable, it is claimed, only upon appeal from a final decree.

The proposition that the power of this court to review the particular order appealed from may be hampered or restricted by any prior ruling of the circuit court, involving the same question or any phase of the question, is manifestly untenable. Whether a court has jurisdiction is an ever-present question. Every step in a case is an assertion of jurisdiction for the purpose of that step. Every order entered is to be read as if it contained an explicit assertion of jurisdiction, and an appeal therefrom challenges the truth of that assertion. It matters not whether there has or has not been a previous ruling upon the question, embodied in some order from which a direct appeal is not allowed. A review of the order from which this appeal was taken, if extended to the question of jurisdiction, would not be technically a review of the refusal of the circuit court to remand the case. It would be, simply, a determination of the question of jurisdiction, as asserted and exercised in making the particular order assailed, just as if no other ruling had been made touching the point. When, by the act of March 3, 1891, and the amendatory act of February 18, 1895, congress gave a right of appeal to the circuit courts of appeals from interlocutory orders and decrees of injunction, and from orders refusing or dissolving such injunctions, without setting bounds to the scope of the review, power was given to determine the propriety and validity of any order appealed from upon any and every pertinent consideration, and without defeating in large measure the purpose for which the statutes were enacted, it is impossible to concede that, in reviewing an order from which an appeal has been authorized, the court of appeals can determine for itself no proposition of law or fact which the circuit court had determined in the case by an order made before the one appealed from. If that

were so, the right of appeal might easily be thwarted. An injunction is granted only upon a bill which prays for it, and if, before granting or refusing the prayer, the court, in passing upon a demurrer to the bill, or on exceptions to an answer, should decide a proposition which lies at the bottom of the application, then, on appeal from an order thereafter made, granting or refusing an injunction, that proposition, though perhaps the only one in dispute, could not be reconsidered. The ruling of the circuit court, as disclosed in a different order, would have to be accepted as the unquestionable basis on which the correctness and validity of the contested decision should be determined in the court of appeals. The authorities cited do not sustain the contention. In Andrews v. Pipe Works, 18 U. S. App. 458, 10 C. C. A. 60, and 61 Fed. 782, the jurisdiction was not questioned or considered. In Gates v. Bucki, 12 U. S. App. 69, 4 C. C. A. 116, and 53 Fed. 961, the jurisdiction was made, by special pleas, an issue of fact, which, of course, would not be entered upon in determining an appeal from an interlocutory order of injunction. In Construction Co. v. Young, 11 U. S. App. 683, 8 C. C. A. 231, and 59 Fed. 721, there was no question of jurisdiction, and the expressions quoted and relied upon are, perhaps, not in harmony with our decision in Andrews v. Pipe Works, supra, wherein we held that so much of an order for the appointment of a receiver as directed the surrender of the property in controversy to the receiver was appealable. In Thompson v. Nelson, 37 U. S. App. 478, 18 C. C. A. 137, and 71 Fed. 339, and in Duplex Printing-Press Co. v. Campbell Printing-Press & Manufacturing Co., 37 U. S. App. 250, 16 C. C. A. 220, and 69 Fed. 250, decided in the Sixth circuit, the jurisdiction was unquestioned; and there is no need to dispute the proposition, enunciated in those cases, that, on an appeal from a preliminary injunction, "we are to consider the correctness of the order from the same standpoint as that occupied by the court granting it." There can be no standpoint into which the question of jurisdiction does not enter. Expressly, or by implication, jurisdiction is asserted in every affirmative step taken in a judicial proceeding. Cases are cited in which the supreme court has declared its want of power to inquire into the jurisdiction of the circuit court, or to review its orders, except on appeal from a final decree or judgment. Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196; Railway Co. v. Fitzgerald, 160 U. S. 556, 16 Sup. Ct. 389. But those decisions manifestly signify nothing in respect to the power of the circuit courts of appeals to review interlocutory orders, which have been made appealable to those courts and not to the supreme court. In Turner v. Trust Co., 106 U. S. 552, 1 Sup. Ct. 519, the appeal was "only from the order confirming the sale," which had been made in pursuance of a decree of foreclosure, the appellants having "elected not to appeal from the final decree, although it necessarily involved every question affecting the jurisdiction of the circuit court"; and it was held that, "in such cases, upon an appeal, not from the final order, but only from an order in execution thereof, the court will not examine the record

prior to such decree, to see whether the petition for removal was filed in due time, or whether it makes a case of federal jurisdiction, * * * but will assume that the final decree, being passed by a court of general jurisdiction, and not showing upon its face a want of jurisdiction as to subject-matter or parties, was within the power of the court to render." Reference is made in the opinion in that case to the overruling of a motion to remand as constituting an adjudication that the facts necessary to jurisdiction existed; but there is nothing said to warrant the inference, insisted upon, that such an interlocutory order could under any circumstances be regarded as conclusive upon the parties. On the contrary, the familiar doctrine is reiterated that "it was the duty of the circuit court to dismiss or remand the cause, as justice might have required, at any time during its progress," when the lack of jurisdiction appeared. Williams v. Nottawa, 104 U. S. 209; Railway Co. v. Fitzgerald, supra.

By the statute which authorizes appeals in such cases, it is left to the discretion of the court below whether the proceedings in other respects in that court shall be stayed pending the appeal; and this, it is urged, excludes the proposition that the question of jurisdiction can be considered on the appeal. On the contrary, the evident meaning of the statute is that the circuit court shall exercise a sound discretion, at any time "during the pendency of the appeal," according to the nature of the questions found to be involved. If the result of the appeal cannot affect other proceedings, they need not be stayed; but, if the appeal is known or shall be discovered to involve the merits of the case, "proceedings in other respects" ought to be stayed. It is in harmony with this view that the circuit courts of appeals, when their decisions upon interlocutory orders of injunction have been found to be determinative of the litigation, have issued mandates to that effect. World's Columbian Exposition v. U. S., 18 U. S. App. 42, 6 C. C. A. 58, and 56 Fed. 654; Bissell Carpet Sweeper Co. v. Goshen Sweeper Co., 43 U. S. App. 47, 19 C. C. A. 25, and 72 Fed. 545; Green v. Mills, 25 U. S. App. 383, 16 C. C. A. 516, and 69 Fed. 852; Marden v. Manufacturing Co., 33 U. S. App. 123, 15 C. C. A. 26, and 67 Fed. 809; Richmond v. Atwood, 5 U. S. App. 151, 2 C. C. A. 596, and 52 Fed. 10; Curtis v. Wheel Co., 20 U. S. App. 146, 7 C. C. A. 493, and 58 Fed. 784; Union Switch & Signal Co. v. Johnson Railroad Signal Co., 17 U. S. App. 609, 10 C. C. A. 176, and 61 Fed. 940; Jones Co. v. Munger Improved, etc., Co., 2 U. S. App. 188, 1 C. C. A. 668, and 50 Fed. 785; Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 15 U. S. App. 216, 7 C. C. A. 195, and 58 Fed. 226. See discussion in the opinion and dissenting opinion in Standard Elevator Co. v. Crane Elevator Co., 76 Fed. 767. See, also, Electric Manuf'g Co. v. Edison Electric Light Co., 18 U. S. App. 637, 10 C. C. A. 106, and 61 Fed. 834. In accordance with these authorities, if we should conclude that the circuit court had not acquired jurisdiction of the case, we might, besides reversing the order appealed from, direct that the case be remanded to the state

court; but, if we should go no further than to reverse the particular order under review, there would be no way left to the circuit court, without insubordination, but to follow our ruling, and itself order the case remanded. No formal setting aside of the previous order overruling the motions to remand would be necessary, because that order, not being final, could not bind the court at any later stage of the proceedings.

It is further urged that, if the question of jurisdiction can be considered upon this appeal, the question may be taken, after final decree, directly to the supreme court for a second ruling upon the point. That may be so if we should affirm the jurisdiction of the circuit court, but, whether so or not, the cases cited to support the proposition demonstrate the right of this court to determine the question of jurisdiction when presented as it is upon the record before us. McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118; Railway Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123; New Orleans v. Benjamin. 153 U. S. 411, 14 Sup. Ct. 905; U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39. In Railway Co. v. Fitzgerald, 160 U. S., at page 582, 16 Sup. Ct. 395, it is declared to be "settled that an order of the circuit court remanding a cause cannot be reviewed," in the supreme court, "by any direct proceeding for that purpose."

It is contended, on behalf of the appellees, that, the question of jurisdiction having been submitted to and decided by the state court, the decision of that court is not reviewable except upon direct appeal. and for present purposes must be regarded as conclusive. While it is beyond dispute that a state court, when a petition for removal of a cause is presented, has jurisdiction to decide for itself whether there ought to be a removal (Insurance Co. v. Pechner, 95 U. S. 183; Gregory v. Hartley, 113 U. S. 742, 5 Sup. Ct. 743; Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799; Railway Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262; Crehore v. Railway Co., 131 U. S. 240. 9 Sup. Ct. 692; Railway Co. v. Fitzgerald, supra), it is equally certain that the petitioner, notwithstanding an adverse ruling by the state court, may take a transcript of the proceedings and papers to the federal court, whereupon that court for itself must determine whether a removal had been effected (Kern v. Huidekoper, 103 U. S. 485, 490; Marshall v. Holmes, 141 U. S. 589, 595, 12 Sup. Ct. 62). The cases are not in conflict; and, if there should be conflict between the courts, as there was in this instance, each court asserting jurisdiction, it results that the parties must in each court take the steps necessary for the protection or vindication of their rights. The proposition that the decision of the state court refusing the petition for removal is conclusive upon the parties in another court proceeds on the mistaken assumption that the decision is in its nature final. It is not final in the court which makes it, and by no rule or principle of res adjudicata can it be final in any other court, whatever weight it may be entitled to as authority or upon considerations of comity.

But, while we have no doubt that it was within the power of the circuit court to determine for itself whether the case had been

properly removed, and that, on this appeal from the order dissolving the injunction granted by the state court, the same question is involved, we do not find it necessary to decide upon that phase of the .controversy. The court below acquired jurisdiction of the case, or it did not. If it had jurisdiction, there is manifestly no reason for reinstating the temporary injunction which was dissolved. It was a temporary order against the bringing or prosecution of any suit by the Farmers' Loan & Trust Company to foreclose the mortgage upon the property of the appellant company. Before the order was made, that company had brought a suit to foreclose in the court below, and the entire matter was so completely within the control of that court as to leave no necessity for the injunction. The case is within the principle declared in Standard Elevator Co. v. Crane Elevator Co., 9 U. S. App. 556, 6 C. C. A. 100, and 56 Fed. 718, and later cases decided in this and other circuits. If, on the other hand, jurisdiction was not acquired, the order of dissolution was a nullity, without effect in the superior court, where the suit remains, and there is no necessity that it be reviewed. Being in itself unobjectionable, or, if objectionable, harmless, it should not be reviewed merely for the purpose of deciding the jurisdictional question. Without affirming or reversing the order, the appeal is over-ruled.