BRADSHAW et al. v. MINERS' BANK et al.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1897.)

No. 338.

1. APPEAL—TEMPORARY INJUNCTION—DISCRETION OF COURT.
   Whether a temporary injunction shall be granted or refused, or, having been granted, shall be dissolved or modified, is always a matter of sound discretion, concerning which the decision of the circuit court will not be reversed on appeal, unless error and probable injury are manifest.

2. SAME.
   Complainants filed their bill in the circuit court to restrain the prosecution of a creditors' bill, pending in the same court against one T., against whom a judgment had been obtained as guarantor of the complainants' notes; T. having neglected, as complainants alleged, to interpose a defense to the notes, of which complainants advised him, and which they had offered to assist in maintaining, notwithstanding which complainants felt bound to reim-

burse T. for what should be found justly due. A temporary injunction was granted, restraining the prosecution of the suit, and afterwards dissolved, on the filing of the defendants' answer denying the allegations of the bill. *Held* that, without regard to the answer the case was not one calling for the interference of the appellate court.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Frank A. Johnson, for appellants.
Dwight W. Graves, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The brief of the appellants has been prepared with notable disregard of the requirements of our rule 24 (11 C. C. A. cx.; 47 Fed. xi.). The so-called "statement of the case" is burdened and confused with matter of argument, and, in the order and form required, there is no specification of the error relied upon. See Vider v. O'Brien, 18 U. S. App. 711, 10 C. C. A. 385, and 62 Fed. 326.

The appeal is from an order dissolving a temporary injunction. The suit was brought by the appellants, Bradshaw and Henry, citizens of Illinois, against the Miners' Bank, a corporation of Missouri, the Illinois & Missouri Lead & Zinc Company, a corporation of Illinois, and Corwin C. Thompson, a citizen of Illinois, appellees. The substance of the bill, in so far as it need be stated, is that the appellants purchased certain property of the lead and zinc company, for which they executed their promissory notes, in the aggregate amount of $4,050, to the Miners' Bank, which, it is averred, has no interest of its own in the notes, but was made payee at the request and solely for the benefit of the lead and zinc company; that at the same time Thompson executed to the Miners' Bank a separate writing whereby he guarantied the payment of the notes; that on that guaranty the Miners' Bank had recovered judgment in the court below against Thompson for the full amount of the notes, and upon a creditors' bill in the same court, showing execution upon the judgment returned nulla bona, had procured the appointment of a receiver of Thompson's property; that, by reason of false representations of the character and condition of the property for which the notes were given, the appellants have a legal defense to any action thereon; that, pending the suit upon the guaranty, and after plea of the general issue to the declaration, they informed Thompson and his attorney of the facts constituting their defense, and of the evidence obtainable to establish it, and requested and offered to employ an attorney to represent their interests in the suit, and to assist in making the defense; that the offer was declined; that Thompson's attorney neglected to set up the defense by special plea, and, when the cause was reached for trial, neither Thompson nor his attorney appeared in court, and a verdict was taken and the judgment rendered upon which the subsequent proceedings mentioned were had. The concluding averment is that, notwithstanding the negligence of Thompson, through his attorney, in failing to prepare for

and make a proper defense, "your orators feel in equity bound to protect said Thompson from any loss or damage by reason of having made said guaranty in writing in their behalf, and that they are ready and willing to pay to said Illinois & Missouri Lead & Zinc Company, or to said Miners' Bank, as agents for said company, any amount which this court shall, upon the hearing hereof, find to be due," etc. Upon the filing of this bill the court granted a temporary injunction against further proceedings to enforce the judgment, but, after answer by the Miners' Bank, sustained a motion to dissolve. The answer, in substance, denies personal knowledge of the ownership and value and of the terms and conditions of the sale of the personal property in question, and of the alleged false representations, which on information and belief are denied, and alleges that the sale was not consummated until after a careful examination of the property had been made by the purchasers; that the purchase money was to have been paid in cash; that, at the request of the complainants, the notes and Thompson's guaranty were given in place of the money; that the lead and zinc company at that time was indebted to a large number of persons, named in a list annexed to the answer, in sums amounting to $4,162.27; that, to secure the payment of that indebtedness, the lead and zinc company assigned to the respondent, as trustee, the entire purchase money of the property; that, when the notes and guaranty were given instead of the money, they were made payable to the respondent, as trustee, for the use and benefit of the creditors mentioned, whose claims had been previously assigned to the respondent, and against which respondent had at that time made advances of money, holding the claims as collateral; and that neither the respondent nor any of the creditors had any knowledge or reason to suspect that any false or fraudulent representations had been made by the lead and zinc company or its officers. It is further alleged that, if the property for which the notes were given had been levied upon and sold under legal process, as alleged in the bill, it was so seized and taken in payment of indebtedness contracted by the complainants, and not upon chattel mortgages on the property at the time of the sale; that the complainants purchased with a full knowledge of the facts; that they took immediate possession, and, though three years have elapsed, they have never offered to surrender possession or taken steps for rescission, but, on the contrary, have affirmed the contract, with a knowledge of all the facts relating to the sale, and have repeatedly offered to pay the full amount of the notes after they became due, provided the respondent would consent to an extension of time. The answer contains other averments concerning the obtaining of judgment against Thompson, and motions to set aside the judgment and for a new trial, which need not be rehearsed.

The case, it is quite clear, is not one which calls for the interference of this court. Whether a temporary injunction shall be granted or refused, or, having been granted, shall be dissolved or modified, is always a matter of sound discretion, concerning which the decision of the circuit court will not be reversed on appeal, unless error and probable injury are manifest. Standard Elevator Co.

v. Crane Elevator Co., 9 U. S. App. 556, 6 C. C. A. 100, and 56 Fed. 718; Electric Manuf'g Co. v. Edison Electric Light Co., 18 U. S. App. 637, 10 C. C. A. 106, and 61 Fed. 834; Andrews v. Pipe Works, 24 U. S. App. 81, 10 C. C. A. 60, and 61 Fed. 782; Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co., 19 C. C. A. 25, 72 Fed. 545. This suit, and the suit in which a receiver of Thompson's property was appointed, are both pending in the circuit court, and since no step can be taken in either case except upon the order of that court, it does not appear that a temporary restraining order is necessary. See Lake St. El. R. Co. v. Farmers' Loan & Trust Co. (No. 326, this term) 77 Fed. 769.

If the answer were left out of consideration, our conclusion would not be different. The bill proceeds on the assumption that, in the suit at law upon the guaranty, Thompson might and should have availed himself of the defense which the appellants disclosed to him and offered to assist in maintaining. Whether that theory is true we do not consider. The question may not be free from doubt. See Brandt, Sur. § 236, and notes and cases cited. If the assumption be true, it necessarily follows that Thompson must be considered as having submitted voluntarily to the judgment rendered against him, and that any payment effected through proceedings upon the judgment should be deemed to be voluntary, and to afford no ground for recourse upon the appellants; and, that being so, their suit rests only upon sentimental grounds. The appeal is dismissed.