UNITED STATES RUBBER CO. et al. v. AMERICAN OAK LEATHER CO.

METROPOLITAN NAT. BANK v. SAME.

(Circuit Court of Appeals, Seventh Circuit. October 4, 1897.)

Nos. 387, 388.

1. CIRCUIT COURTS OF APPEAL — APPEAL FROM INTERLOCUTORY DECREE — EXTENT OF REVIEW.
    On appeal from an interlocutory order, in determining whether an injunction was properly granted in connection with the appointment of a receiver, the propriety of the entire order or decree may be considered, notwithstanding the statutes do not provide for an appeal from an order appointing a receiver.

2. FRAUDULENT BUSINESS ARRANGEMENT — INJUNCTION AND RECEIVER.
    Where appellants joined in an arrangement for extending additional credit to an insolvent business corporation, whose insolvency was not known, whereby it was enabled to continue in business without apparent change of management, in consideration of receiving from the debtor corporation judgment notes for their entire indebtedness and being permitted to substitute their own appointees for the secretary and a majority of the

directors of such corporation, in order to prevent other preferences, their appeal from an interlocutory order, made in a suit by a subsequent creditor of such corporation, appointing a receiver, enjoining transfers, and requiring appellants to surrender to the receiver property, money, books, papers, and accounts in their possession, will be dismissed as without merit.

Appeals from the Circuit Court of the United States for the Northern District of Illinois.

Edward S. Isham, Robert T. Lincoln, William G. Beale, and Pierrepont Isham, for appellants United States Rubber Co. and L. Candee & Co.

Thomas M. Hoyne, George A. Follansbee, John O'Connor, and Mitchell B. Follansbee, for appellant Metropolitan Nat. Bank.

Jacob Newman, George W. Northrup, and S. O. Levinson, for appellee American Oak Leather Co.

William J. Manning, for appellee Eagle Tanning Works.

S. P. McConnell and Horace Kent Tenney, for appellee Pfister-Vogel Leather Co.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. While two appeals have been docketed, they are from a single decree, and are presented on one record. It is not apparent why a joint appeal, perhaps with separate specifications of error for each appellant, would not have been proper; and, indeed, it is not clear that the appeals ought not each to be dismissed on the ground that without a severance neither appellant can prosecute an appeal to which the other is not a party.

The decree in question is an interlocutory one, made upon a motion for the appointment of a receiver. The hearing was had upon the bill, answers, affidavits, and an oral statement of counsel, which was received by consent. The essential facts, it is conceded, are stated correctly, except in unimportant particulars, in the opinion of the court below. 77 Fed. 671. The substance of the case is that in January, 1896, a business corporation called C. H. Fargo & Co., which had become embarrassed, and was in fact, though not known to be, absolutely insolvent, made an arrangement with two of its principal creditors, the United States Rubber Company and L. Candee & Co., designated in the briefs as the "Rubber Companies," whereby those companies gave additional credit by loans or indorsements to the amount of $50,000, and for the entire indebtedness received of the debtor company judgment notes, and, in order to secure the Rubber Companies against the possibility of preference being given in any form to other creditors, the secretary and a majority of the directors of the debtor company resigned, and their places were filled with men employed in the office of the firm of lawyers who represented the Rubber Companies. Under this arrangement the business was kept going until the 1st of August, 1896, when the appellant the Metropolitan National Bank, already a creditor without security to the amount of $40,000, was applied to for a further loan, and, having been informed of the arrangement with the Rubber Companies, consented to advance and did advance the further sum of $10,000, taking judgment notes for the entire sum of

$50,000, and at the same time agreed with the Rubber Companies that all sums realized upon their respective demands should be divided between them in proportions corresponding to the amounts due them. In pursuance of the agreement by which the bank consented, and was permitted, to come into the scheme for preference, the bank at once received a conveyance of property for one-half of its demand, and took judgment for the remainder, the Rubber Companies at the same time taking judgment on the notes executed to them; and thereupon, as was inevitable, the debtor company ceased to do business. Between January and August, 1896, while the business went on without apparent change of management or control, the appellee and others, in ignorance of the situation, gave credit in the usual course of business to C. H. Fargo & Co. in sums exceeding $50,-000, yet unpaid, and for which they received no security. The court, besides appointing a receiver, made orders enjoining transfers, and requiring the surrender to the receiver by the appellants of property, money, books, papers, and accounts in their possession or control.

That there is right of appeal from such a decree was decided by this court in Andrews v. Pipe Works, 18 U. S. App. 458, 10 C. C. A. 60, and 61 Fed. 782; and, while the statute of March 3, 1891, and the amendatory act of February 18, 1895, do not give an appeal from an order for the appointment of a receiver, it does not follow, as contended, that, in determining whether an injunction granted in connection with the appointment of a receiver was right, the propriety of the entire order or decree may not be considered. See Lake St. El. R. Co. v. Farmers' Loan & Trust Co., 46 U. S. App. 630, 23 C. C. A. 448, and 77 Fed. 769. Indeed, it has been decided by the supreme court, and may now be regarded as settled, that the appeal allowed from an interlocutory order or decree is from the whole order or decree, and not from that part of it only which grants or continues or refuses an injunction. Smith v. Iron Works, 165 U. S. 518, 17 Sup. Ct. 407.

Upon the merits of the case numerous propositions have been advanced and argued at great length, but they ought not to be decided here before there has been a full and final hearing below. It is enough now to say that we approve the conclusion of the circuit court. It has been said with force that "the law always visits with stern disapproval any conduct, whether of individuals or corporations, which induces another party to give up something of value in a case in which he would have declined to do so if he had comprehended fully the true situation"; and in a court of equity or conscience it is impossible that a transaction like that presented should obtain sanction. It is incompatible with fair dealing in business and with good morals. They who evolved the scheme showed their appreciation of its true character when they avowed that without disclosing the situation it would be bad faith to ask further loans of the Metropolitan National Bank. It was no better to permit credit to be obtained of the appellee and others, who were kept in ignorance, when, if they had known the facts, they certainly would not have given credit. The position of the Metropolitan National Bank, as we understand it, is no better than that of the other appellants. It joined in consummating and took advantage of the objectionable scheme with full

knowledge of its character, and by advancing to the debtor an additional sum of $10,000, without restriction upon the disposition thereof, increased to that extent the unlawful preference, and correspondingly enhanced the resulting injury to the appellee and other unsecured creditors. Whether the transaction should be regarded as an intentional wrong, or fraud in fact, as distinguished from fraud in law; whether it was a fraud against all creditors, or against those only who became creditors after the scheme was concocted; and whether the appellants should receive nothing until other creditors shall have been paid in full, or should share pari passu with other creditors in whatever distribution shall be made,—are questions which, if they arise, can be better considered and determined after a final hearing. This appeal is without merit, and is therefore dismissed.