CURTIS v. OVERMAN WHEEL CO. et al.

(Circuit Court of Appeals, Second Circuit. December 5, 1893.)

1. PATENTS—INVENTION—VELOCIPEDE PEDALS.
The mere substitution, in velocipede pedals, for the pre-existing double rotary bars, round and fluted, of bars having wide working faces, thereby giving greater leverage to the foot, and preventing slipping, does not involve invention. 53 Fed. 247, reversed.

2. SAME—INFRINGEMENT—PRIOR ADJUDICATION
On appeal from an order enjoining infringement of a patent pendente lite, where the question of invention is presented with approximate accuracy upon the face of the patent, and does not depend upon controverted questions of fact, the circuit court of appeals, giving due weight to a prior adjudication sustaining the patent, may re-examine such former adjudication, and dispose of the question in accordance with its own conviction. American Paper Pail & Box Co. v. National Folding Box & Paper Co., 2 C. C. A. 165, 51 Fed. 229, followed.

3. SAME.
The first and second claims of the Overman patent, No. 329,851, for an improvement in velocipede pedals, are void, as not covering a patentable invention. 53 Fed. 247, reversed.

Appeal from the Circuit Court of the United States for the District of Connecticut.

In Equity. Bill by the Overman Wheel Company and the Pope Manufacturing Company against Henry J. Curtis for infringement of a patent. Plaintiffs move for a preliminary injunction. Granted. 53 Fed. 247. Defendant appeals. Reversed.

C. K. Offield, for appellant.

Edward S. White, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from an order of the circuit court of the United States for the district of Connecticut, which, upon the complainants' motion, enjoined, pendente lite, the defendant against the infringement of the first and second claims of letters patent No. 329,851, dated November 3, 1885, to Albert H. Overman, for an improved pedal for velocipedes. The order was based upon the adjudication in Manufacturing Co. v. Clark, by the circuit court for the district of Maryland, which sustained these claims. 46 Fed. 789.

The invention consisted—First, "in a pedal having bars located upon opposite sides of a central working bearing, and provided with wide working faces, and arranged to turn to incline their upper or exposed faces toward each other;" second, "in a pedal having the same arrangement of rectangular bars upon opposite sides of a central bearing;" and, third, "in a pedal having bars, each composed of a light core of wood or equivalent material, and an envelope of rubber inclosing the same, and bearings passing through the core of each bar." The three claims are respectively for these three improvements. The pedals of the defendant's machines infringe the first and second claims. The defendant presented various defenses, the most important being that the improvement was not patentable for want of novelty, and that, if novel, it was merely an improvement and not an invention.

The history of the art at the date of the alleged invention is stated in the specification as follows:

"Heretofore pedals for velocipedes have been provided with a single, turning, polygonal bar composed of an envelope of rubber inclosing a skeleton frame bearing at each end upon the spindle of the pedal. Pedals for velocipedes have also been provided with two essentially round and sometimes fluted bars of fluted solid rubber, located upon opposite sides of the working bearing of the pedal, and arranged to be turned, so that when one portion has become worn another may be exposed for wear."

The defect in pedals of the second type, which is corrected by the pedals described in the first and second claims, is thus stated:

"While the bars are engaged with the sole of the boot at separated points thereupon, the area of contact upon an essentially round bar is necessarily small; and, the surfaces in contact being in the same horizontal plane, the boot is prevented from slipping only by friction, and, this being insufficient to retain it in place, it often slips."

The full record and numerous exhibits presented by the defendant show that this description of the state of the art of pedal manufacture at the time of the patented invention is substantially complete, and cannot be amended, if it is understood that the pre-existing double fluted pedals were not merely arranged so as to be capable of turning, but were actually rotary, and free to turn. Pedals are shown in the English patent to Robert James Rae of September 11, 1878, which were double corrugated or fluted rollers, having their upper surfaces turned towards each other. The whole question of patentable invention is thus presented upon the face of the Overman patent, and is whether—single, polygonal, rotary bar pedals, and double, substantially round, but fluted, rotary bar pedals, being old—it was the work of an inventor to substitute the wide working faces or the wide rectangular faces of the bars of the patent for the pre-existing round and fluted bars.

The gist of the improvement was to make pedal bars having faces or bearings of sufficient permanent width "to satisfy the leverage required to give the boot sole complete control over them," because the old occasionally flat faces did not meet the necessary requirement of width. The advance made by Overman is stated by his expert as strongly and as attractively as it can be to consist

in producing "a double bar pedal, having rotable bars constructed with working faces, made wide enough to secure the leverage required to make them turn and respond to the ever-changing inclination of the sole of the rider's boot, for which they together form a depressed grip or hold." This advance was an improvement, inasmuch as, the wide faces being inclined towards each other, the sole of the boot is let down between them, and a depressed foothold is formed; but when the partial foothold upon the fluted or corrugated round rubber pedal was known, and the rider wanted a better support for the foot, it was a matter of simple and mechanical suggestion to make the working faces wider, and produce the polygonal or the rectangular faces of the patented invention. After the use of the old fluted or corrugated double rotary pedals, with their narrow and partially rounded faces, which were not wide enough to secure the proper leverage, the broadening or widening of the working surfaces was a suggestion which was most natural, and did not rise to the dignity of invention.

The vital question in this case is presented with approximate accuracy upon the face of the patent, and does not depend upon controverted questions of fact. This court has, therefore, been at liberty, in accordance with its statement of the weight to be given to a prior adjudication upon an appealed order for a preliminary injunction, (American Paper Pail & Box Co. v. National Folding Box & Paper Co., 2 C. C. A. 165, 51 Fed. 229,) to re-examine the former adjudication, and dispose of the question in accordance with its own convictions.

The order of the circuit court is reversed, with costs.