VICTOR TALKING MACH. CO. v. STARR PIANO CO..

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 130.

1. PATENTS ⊕═297(2)—TEMPORARY INJUNCTION ORDINARILY GRANTED WHERE PATENT UPHELD IN PRIOR ADJUDICATION, BUT RULE NOT POSITIVE.

Where a patent has been held valid in a prior adjudication, an injunction pending the trial of the action will ordinarily be granted; but the rule is not so positive as to require the granting of the injunction, when there is doubt as to the outcome of the case.

2. PATENTS ⊕═324(5)—CIRCUIT COURT OF APPEALS, ON APPEAL FROM INJUNCTION ORDER, MAY CONSIDER MERITS.

The Circuit Court of Appeals, on an appeal from an order granting or denying an injunction in a patent infringement suit, is not confined to a review of the denial of the injunction, but may decide the case on the merits.

3. PATENTS ⊕═328—TEMPORARY INJUNCTION PROPERLY DENIED.

The validity of the Johnson patent, No. 896,059, for a record for talking machines, held sufficiently doubtful to justify the denial of a temporary injunction, notwithstanding a prior adjudication of its validity.

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Victor Talking Machine Company against the Starr Piano Company, for infringement of letters patent No. 896,059. On an application for a preliminary injunction, the motion was denied. Plaintiff appeals. Affirmed.

Wm. Houston Kenyon, Richard Eyre, and Edgar F. Baumgartner, all of New York City, for appellant.

Drury W. Cooper, Parker W. Page, and Thomas J. Byrne, all of New York City, for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On August 11, 1908, letters patent No. 896,059 were issued to Eldridge R. Johnson for a record for talking machines. These letters patent have been assigned to the appellant. The appellee is charged with infringement of this patent. Claims 2, 3, and 8 are claimed to be infringed in this litigation, and read as follows:

"2. A disk sound record, having a cut laterally undulatory groove of substantially constant depth, the walls of said groove diverging from the bottom of the same to the surface of the record.

"3. The method of producing sound records, consisting in cutting, as distinguished from marking or tracing, upon a tablet of suitable material, by means of the lateral vibrations of a suitable stylus, a record groove of

⊕═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(263 F.)

appreciable and substantially uniform depth, having lateral undulations corresponding to the sound waves."

"8. A disk sound record, comprising a spirally disposed laterally undulatory groove of substantially constant depth, in which the record groove was formed by cutting out and removing the material in forming the record groove, substantially as described."

The validity of the patent was questioned in Victor Talking Machine Co. v. American Graphophone Co. (C. C.) 189 Fed. 359. There Judge Ray, sitting in the District Court, decided that the patent was for a record for talking machines and method of making the same, and said to consist of a lateral undulatory record of constant depth, in which the groove is formed by cutting out and removing the material of the disk by a cutting tool, instead of being displaced by a needle point tool, and in which the side walls of the groove are clearly defined and smooth surfaces, and in preferred form diverge from the bottom to the surface of the record. He held that the Jones patent, No. 688,739, did not anticipate the patent in suit. The record on this motion, and in opposition thereto, indicated that an appeal was taken from this decision, and an affirmance was had by consent. It is stated that a compromise was reached, and this determined the result in the Circuit Court of Appeals. In the later case of American Graphophone Co. v. Emerson Phonograph Co. (D. C.) 255 Fed. 574, Judge Mayer, in considering the Jones patent, No. 688,739, held that the Jones patent and method for producing sound records was not anticipated by the Johnson prior use, and was valid, but not generic. When the application was presented in the court below, the same judge who decided the Emerson Case presided. We think that the opinion in the Emerson Case indicates a comprehensive study of the patents of records for talking machines or sound-recording records. In the Emerson Case, the court said:

"Judge Ray, in his opinion, drew a very close line of distinction between the Jones patent and the Johnson patent, holding the view that they were both valid. The case on this point was so debatable that there well might be doubt as to the result in the Circuit Court of Appeals, if that controversy were reviewed by that court on the merits. The question here, however, is whether the testimony of Johnson, and those who corroborate him in various respects, establish under familiar principles that prior use which will defeat the Jones patent."

Without commenting upon the correctness of the view taken by the court there, it is apparent that the District Judge was not in accord with the conclusions reached by the court in Victor Talking Machine Co. v. American Graphophone Co. (C. C.) 189 Fed. 359. In the court below, the same District Judge again expressed his doubt in the following language:

"Ordinarily the court would accept the decision of Victor Co. v. American Graphophone Co. [C. C.] 189 Fed. 359, as the starting point, and would hesitate long before it failed to follow the conclusion, not only of the same court, but of so experienced and able a judge of patent causes. Yet I have not been able to escape the doubt expressed in Emerson Phon. Co. v. American Graphophone Co. [D. C.] 255 Fed. 574."

[1, 2] Apparently, because of the doubt of the correctness of the previous ruling as there expressed, the District Judge denied the ap-

plication for a preliminary injunction, but did, however, facilitate the early final hearing, and granted to the plaintiff the privilege of an early trial. At the same time he pointed out that the appellee was financially fully responsible. Discontented with this result, the appellant seeks relief by this appeal. The fundamental error assigned and urged upon us is that the court erred in failing to accept and follow the considered judgment of the District Court at the final hearing in the prior case as to the validity of the patent in suit, because "of a personal doubt as to the soundness of that judgment." We recognize and again approve the now settled doctrine that, where a patent has been held valid in a prior adjudication, an injunction pending the trial of the action will be granted. We recently announced the same conclusion in Imperial Machine & Foundry Corp. v. Blakeslee & Co., 262 Fed. 419, — C. C. A. —, decided December 11, 1919. There is an exception to this rule, as where new matter of substantive defense is presented, and where such new matter is convincing to the court that a different conclusion may be reached than was reached in the earlier case, if the new matter were presented to the court. If there be doubt as to the outcome of the case, the rule is not so positive as to require the granting of a temporary injunction. Mast, Foos & Co. v. Stover Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856; Thomson-Houston Co. v. Ohio Brass Co., 80 Fed. 712, 26 C. C. A. 107. The right of the court, of not adhering blindly to the former adjudication, is pointed out in Brill v. Peckham Motor Truck Co., 189 U. S. 57, 23 Sup. Ct. 562, 47 L. Ed. 706.

The converse of the rule is true, that, where the case is plain of the right of the complainant to succeed, a preliminary injunction will be granted by the same court on the force and effect of the prior adjudication holding the patent valid and infringed. Leeds & Catlin v. Victor Talking Machine Co., 213 U. S. 301, 29 Sup. Ct. 495, 53 L. Ed. 805. But the right of the court to be at liberty to re-examine the former adjudication, and dispose of the question in accordance with its own convictions, should never be denied. Curtis v. Overman Wheel Co., 58 Fed. 784, 7 C. C. A. 493 (Second Circuit, C. C. A.). It is also true that this appellate court, on an appeal from an order granting or denying an injunction, may decide the case upon the merits, and direct a dismissal of the suit, if it is of the opinion that the plaintiff was not entitled to an injunction because his bill had no equity to support it. Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810. This court is not confined in its review of the injunction order to the justice of the denial of the temporary injunction, but it may consider the sufficiency of the defense interposed. Linde Air Products Co. v. Morse Dry Dock Co., 246 Fed. 834, 159 C. C. A. 136.

The Supreme Court has held that where a bill is devoid of equity, and it so appears upon its face, or if the patent manifestly fails to disclose patentable novelty in the invention, a protracted litigation may be avoided, and the appellate court may dismiss the bill. Mast, Foos & Co. v. Stover Co., 177 U. S. 495, 20 Sup. Ct. 708, 44 L. Ed. 856.

[3] We do not attempt to decide, under the power thus accorded

us, that the defense interposed here is good and sufficient, or that it is not. We do think that the court below did not err in denying the temporary injunction when it suggested that the determination of the validity of the defense await the final hearing, where it could then be determined whether the Jones patent and the Johnson patent are for the same thing. A sufficiently grave question is presented to require its disposition at the final hearing, also, as to whether or not it is established that prior to 1896, the year in which Johnson claims to have conceived of his invention here in dispute, such invention was well and widely known. If so, Johnson's conception of it did not constitute invention, and the claim that it was a mere adoption of a well-known item of general information would be good.

The Jones patent (No. 688,739) was considered in American Graphophone Co. v. Universal Talking M. Co., 151 Fed. 595, 81 C. C. A. 139, and there it was found that Jones was the first to cut out a laterally undulatory groove in a soft disk or table, which Johnson recognized as containing a disclosure of this method by the fact that he sought to carry his date back of it. The Jones patent was filed November 18, 1897, and is dated December 10, 1901. Johnson's original application was filed August 16, 1898, and went to patent January 3, 1905. The further application was filed November 12, 1904, and the patent was issued August 3, 1908. The Jones date of filing was prior to Johnson's. His patent was issued prior to Johnson's patent.

It may be that under Revised Statutes, § 4923,[1] Jones had a prior patent and was a prior inventor, and this defense is accorded to the appellee. If so, it then became incumbent upon Johnson, in order to succeed, to prove beyond a reasonable doubt that he was, in fact, the inventor. Dey Time Register Co. v. Wm. H. Bundy Recording Co., 178 Fed. 812, 102 C. C. A. 260. Johnson's prior conception and the diligence in reducing it to practice is attacked by the appellee, and the attack was sufficiently strong in the court below, to result in the failure to grant the temporary injunction upon the strength of the prior adjudication of the validity of the patent. It was necessary for the appellant to sustain this burden. United Tunnel Co. v. Interborough Co., 207 Fed. 561, 125 C. C. A. 211. Undoubtedly, it was the failure to satisfy the court below as to this that resulted in the court's action. We do not feel justified, because of the rule relied upon by the appellant and referred to above, to interfere with the order of the court below.

The doubt, as expressed in the language of the court below, quoted here, is not as positive as was the action of the court in the Emerson Case and in this case below. This case presents new facts, which were not before the trial judge in Victor Co. v. American Graphophone Co. (C. C.) 189 Fed. 359, particularly as to prior invention. These questions, together with the question of whether the patent is invalid, because of illegal expansion in the Patent Office proceedings, and because of more than two years' public use, are questions which we prefer to leave to the final hearing of the case, rather than dispose of them upon evidence and upon the contents of the record before us.

Order affirmed.

[1] Comp. St. § 9469.