## ART METAL WORKS, Inc., v. ABRAHAM & STRAUS, Inc.

### No. 6732.

District Court, E. D. New York.

Feb. 23, 1933.

See, also (D. C.) 2 F.Supp. 292; (C. C. A.) 62 F.(2d) 79.

Ward, Crosby & Neal, of New York City, for plaintiff.

Janney, Blair & Curtis, of New York City (Milton C. Weisman, Robert S. Blair, and William T. Kniesner, all of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a motion for a preliminary injunction based on the alleged infringement of letters patent No. 1,673,727 for a cigar lighter, issued June 12, 1928. The validity of the patent was sustained in Art Metal Works, Inc., v. Abraham Straus, Inc. (D. C.) 52 F. (2d) 951, modified (C. C. A.) 61 F.(2d) 122.

The outcome of the previous litigation between the parties was the holding that both forms of the defendant's lighters, known, respectively, as the "Evans Automatic" and the "Evans Roller Bearing Lighter" infringed.

This present action involves a third form of lighter, which is referred to in the papers as a "Trig-a-lite." The contention of the plaintiff is that this third form is substantially the same as the roller bearing device, and that it should accordingly be held infringed. On the other hand, the defendant contests on the ground that there is a marked difference between the two forms of lighters; and on the additional ground that the plaintiff, in its effort to differentiate the prior art in the earlier litigation, took such position as now estops it from contending that the scope of the claims is sufficiently broad to include the Trig-a-lite construction.

The roller bearing lighter was held by the Circuit Court of Appeals to infringe claims 7, 13, and 14. Those claims read as follows:

"7. A lighter having in combination a receptacle, an abradant wheel journalled on top of the receptacle, a pyrophoric member, means including a spring projecting said pyrophoric member into engagement with said wheel, a wick extending into said receptacle and projecting from the top thereof on one side of the wheel, a finger piece located on the other side of said wheel, said finger piece being adapted to be pressed downwardly, a spring tending to force said finger piece upwardly, a snuffer for said wick, and means whereby upon pressing said finger piece downwardly said wheel is rotated by manual pressure to ignite the wick and said snuffer is removed from the wick, said last mentioned means comprising a rack on the finger piece and a gear operated thereby, and pawl and ratchet means whereby the wheel is operated by the gear."

"13. A lighter having in combination a receptacle, said receptacle being elongated in horizontal cross-section, an abradant wheel centrally disposed over the top of said receptacle and journalled about a horizontal axis, a wick projecting from the top of the receptacle on one side of the wheel, a snuffer

for the wick, a finger piece on the opposite side of the wheel from the wick, said finger piece being mounted independently of the snuffer, and means whereby operation of said finger piece will operate the wheel and snuffer by manual pressure, said last mentioned means including gear means operated by the finger piece and acting to operate both the snuffer and the wheel."

"14. A lighter having in combination a receptacle, an abradant wheel journalled on top of said receptacle, a pyrophoric member, means projecting said pyrophoric member upwardly from the top of said receptable into engagement with said wheel, a wick extending into said receptacle and projecting from the top thereof on one side of the wheel, a finger piece carried on top of the receptacle and adapted to be pressed downwardly, a spring tending to force said finger piece upwardly, a snuffer for said wick, and means whereby upon pressing said finger piece downwardly said wheel is rotated by manual pressure to ignite the wick and said snuffer is removed from the wick, said last mentioned means comprising a rack on the finger piece and a gear member operated thereby."

In determining this motion, it becomes necessary to consider the construction of the prior art patents given by the experts in the former litigation. Particularly important in that connection is the consideration of those prior art patents which disclose the storing of energy in a spring by the movement of a finger piece, and the releasing of the stored energy at a point near the completion of the movement of the finger piece, which actuates a rotation of the spark wheel.

In these spring actuated lighters, the defendant's expert found the equivalent of the manually operated variety claimed as the invention defined in the patent in suit. Mr. Hammer, the plaintiff's expert, however, distinguished the spring actuated class. Referring to claim 7, he said:

"Another distinction is noted when we proceed in the reading of the claim and find the requirement of 'means whereby, upon pressing said finger piece downwardly, said wheel is rotated by manual pressure to ignite the wick, and said snuffer is removed from the wick.' And there I must comment on what apparently was in Mr. Ray's mind in calling attention to the manual operation of this German device.

"As I understand it, the patent in suit is broadly differentiated from much prior art by having a rotation of the wheel depending upon the energy of the thumb action on the thumb piece or finger piece. In other words, if you give a short, sharp, snappy action of the thumb, you get a different effect than if you just move it down deliberately, and it is within the control of the user as to the amount of vigor with which that device shall be operated.

"There is a class of prior art, of which this German patent is representative, in which the actual operation of the wheel is not a function of the finger pressure. In illustration of that we have in this German patent a wheel k, only one-half of which is abradant; the other half is smooth. That wheel is so arranged with reference to the movable, pivoted side section of the casing that the movement of that side piece toward the left in Fig. 4, until it reaches the position shown in Fig. 5, that only the smooth portion of that wheel comes in contact with the pyrophoric metal, and therefore no sparks are produced. So that the movement by manual pressure of this green side piece does not itself produce any sparks. What it does is to turn the wheel around into the position shown in Fig. 5, and at the same time put the spring p under pressure, under tension, because the rotation of the wheel in clockwise fashion carries the little crank around with it and extends the spring.

"Now, up to that time, and that is the limit of movement of the side piece, there will be no sparks, but having reached that point the teeth on the wheel escape from the teeth on this rack and the spring which has then been put under this tension, and which has been carried just beyond the center o of the wheel, causes that wheel to give a short, sharp, snappy movement in a clockwise direction, passing the cerated portion of the wheel, across the surface of the pyrophoric metal, and giving the shower of sparks which is supposed to light the wick.

"So that it is not the downward movement of the finger piece which rotates by manual pressure the wheel to ignite the wick, although with that same movement you do raise the snuffer.

"There is, therefore, a real genuine distinction between this prior German patent and the device of the patent in suit in that there is in the German patent a cover for the entire device, absent from the patent in suit, that cover carrying the snuffer, and being hinged far to the right at the top, and covering the wheel and covering the top of the finger piece, too.

"The German patent does not have any finger piece whatever on the top of the re-

ceptacle capable of being moved downwardly, and there is no movement produced by any downward movement to operate the wheel to produce the spark by manual pressure. You set it by manual pressure and the spring does the rotation to create the spark. As soon as the teeth of the rack m and the wheel j escape each other, the rotation of the wheel is entirely outside of the control of the user. In the patent in suit it is always within the control of the user, and I understand that is the characteristic feature of a manually operated wheel as contrasted with a spring actuated wheel. This patent relates to the spring actuated type."

Mr. Hammer's views were very persuasive, and led this court to dismiss as anticipations spring actuated patents, such as the patent to McAneny, No. 1,263,579; German patent to Gebhardt, No. 253,101; and Austrian patent to Ruszbacher, No. 55,968.

If, therefore, the Trig-a-lite falls within that class of spring actuated devices, then infringement would not be so clear as to justify the issuance of a preliminary injunction despite the adjudicated validity of the patent. Victor Talking Machine Co. v. Starr Piano Co. (C. C. A.) 263 F. 82; Hatch Storage Battery Co. v. Electric Storage Battery Co. (C. C. A.) 100 F. 975.

In this new device, as Mr. Ray points out, the snuffer and the spark wheel are held locked against movement. There is no such provision, as I see it, in the device of the patent in suit, and in this respect differs also from the roller bearing lighter of the defendant.

Moreover, in the patent in suit, there is a gear connection between the snuffer and the finger piece; whereas in this new lighter there is no gearing between the finger piece and the other parts to be actuated. In substitution thereof there is provided a spring which coacts with the finger piece, and means for actuating the snuffer. This spring is tensioned by movement of the finger piece and has energy stored in it by the movement of the finger piece during the time that a latch holds the snuffer and spark wheel against movement. Unless this spring can be held to be a form of gearing, as defined in the claims, infringement would not follow.

This construction is not that of the roller bearing lighter; and therefore one cannot lightly predicate infringement of the Trig-a-lite lighter because of the infringement of the roller bearing lighter.

Moreover, there is brought into serious consideration the correspondence of the Trig-a-lite device to the spring actuated lighters that had failed of anticipation because of the views then asserted by the plaintiff's expert. If, as is contended by the defendant, the means and mode of operation of the Trig-a-lite are sufficiently defined in the rejected patents, a preliminary injunction should not issue.

Accordingly, the motion must be denied.